663 P.2d 1125

**Molly FRIZZELL, on behalf of herself and all others similarly situated, Plaintiff-Appellant,**

v.

**Jack D. SWAFFORD, Charles J. Jurries, Marvin A. Cherin, Milton Birnbaum, Alfred O. Perry, Stephen W. Drescher and Gregory Culet, individually and in their respective capacities as Magistrates in the Magistrate's Division of the District Court for Canyon County, Idaho; Bill Staker, in his official capacity as clerk of the District Court for Canyon County, Idaho, Defendants-Respondents.**

No. 14365.

Supreme Court of Idaho.

May 27, 1983.

Andrew C. Thomas, Caldwell, for plaintiff-appellant.

Jim Jones, Atty. Gen., Thomas C. Frost, Chief Deputy Atty. Gen., Lynn E. Thomas, Sol. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, Richard L. Harris and William Morrow, Caldwell, for defendants-respondents.

HUNTLEY, Justice.

This appeal challenges the constitutionality of that aspect of the Idaho small claims system which requires procurement of a bond to secure payment of judgment, attorney fees and costs before an appeal may be taken from a small claims judgment. Also at issue is the constitutionality of present procedures permitting execution on small claims judgments before an appeal has been taken or the time for taking it has expired. It is argued that, given the small claims

system as it now exists, the denial of right to counsel to the litigants violates due process.

Appellant's claim for relief in the present action arose from a separate, earlier small claims action in which her landlord obtained a judgment against her for $199.00. A writ of execution was issued the day following entry of judgment.[1] She appealed the small claims judgment to the district court, and at the same time brought a separate action in district court seeking declaratory and injunctive relief from the effects of small claims court procedures which allow execution on judgments before the time for appeal has expired, and from the pre-appeal bond requirements. Appellant contended the execution procedure and the requirements of I.R.C.P. 81(l) and I.C. §§ 1–2311 —2313, which condition a right to appeal on payment of fees and a bond, were an unconstitutional taking of property without due process.

Several months after commencement of the present action, appellant filed motions in the small claims action for a stay of execution of judgment and for return of her appeal bond. Both motions were granted, the district court holding that the bond requirement of I.R.C.P. 81(l) was unconstitutional, and that execution of judgment should be stayed long enough to guarantee the defendant an effective right to appeal. Appellant nevertheless continued in the present action, seeking a declaration that the statutory and rules provisions in question are unconstitutional.

Before we reach the constitutional issues, there are several procedural issues which require brief discussion. Appellant filed her complaint as a class action, on behalf of all persons required to pay appeal bonds for small claims court appeals, and all persons upon whose property execution was made before they had their full opportunity for appeal. Respondents contend that the matter is moot, and such was the basis for the district court dismissal of the action. They point to appellant's motion in the small claims action whereby she received her bond back and execution was stayed. Since the matter was moot as to appellant, they argue, she had no standing to bring the class action.

■ Appellant obtained only partial relief, however. Although the bond was returned, she was deprived of the use of that money pending the court's ruling on her motion. In addition, only the supersedeas bond ($199.00) was returned; the "jurisdictional" bond—the $50.00 costs and $25.00 attorney fees—was not. Finally, the judgment of the district court in the small claims appeal did not address all of the issues, and to the same extent, as they are set out in appellant's complaint in the declaratory judgment action, and on appeal. There was no mention made of I.C. §§ 1–2311—2313 in that judgment. Thus, appellant's partial relief in the separate action did not render her case moot.[2]

■ Named defendants in the declaratory judgment action were the Canyon County magistrate judges, district court clerk, and trial court administrator. The defendants-respondents, each on his own behalf, allege they are not proper parties, and that they are immune from suit. We are concerned only with declaratory or injunctive relief in this matter and the defense of judicial or quasi-judicial immunity is inapposite. What is sought is a declaration on the constitutionality of certain statutes and rules. We note that appellant is an "interested" person under I.C. § 10–

1. The sheriff's office was unable to make effective service, so appellant's property was not executed upon.

2. See, Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 391 (1969), the court stating.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. See W. Borchard, Declaratory Judgments 35–37 (2d ed. 1941). Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." (Citations omitted.) 395 U.S. at 496–497, 89 S.Ct. at 1951.

1202;[3] this case presents a justiciable controversy and is a proper declaratory judgment action. In order for appellant to obtain the relief she seeks, which is a judgment on the constitutional validity of the small claims court procedures, rules and statutes in question, there need be only one proper party defendant. Since we hold that the clerk of the district court is such a party, we do not need to address the issue of requisite involvement on the part of the magistrates or trial court administrator.

Appellant challenges the constitutionality of Idaho's small claims court scheme, as set out in Ch. 23, Title 1, Idaho Code, and I.R.C.P. 81. A party in a small claims action may appeal a judgment by filing a notice of appeal within thirty days.[4] According to I.R.C.P. 81(m), the party appealing may prevent execution on the judgment against him by filing a bond in the amount of the judgment at the time of filing a notice of appeal.[5] However, contrary to the implication of I.R.C.P. 81(m), the bond to secure payment of judgment (supersedeas bond) is not optional (to prevent execution pending appeal) but mandatory. I.C. § 1–2312 provides that the appeal "shall be filed with the magistrate and accompanied by bond, with satisfactory surety, to secure payment of such judgment, costs and attorney fees as provided for in section 1–2311." The party appealing would have to post the supersedeas bond anyway. Thus, the only effect of I.R.C.P. 81(m) is to suggest that prior to the time a party files his appeal, his property may be executed upon.

In addition to the requirements of I.C. § 1–2312, I.R.C.P. 81(l) mandates what might be called a "jurisdictional" bond:

"Notice of appeal and appeal bond.—Any aggrieved party desiring to appeal the judgment in a small claim proceeding to the district court shall do so by filing a Notice of Appeal with the magistrates division wherein the small claim proceeding was held in the manner, within the time, and in the form provided by law, which notice must be accompanied by a cash bond in the sum of fifty dollars ($50) to secure the payment of costs on appeal and a cash bond in the sum of twenty-five dollars ($25) to secure the payment of attorney fees on appeal. Failure to post the cost bond and attorney fees bond at the time of the filing of the Notice of Appeal shall be jurisdictional and grounds for automatic dismissal of the appeal upon the motion of any party or upon the district court's own motion."[6]

These three elements of the small claims appeal, the supersedeas bond requirement, the jurisdictional bond requirement, and the allowance of execution on judgments before the time to appeal is up, are unconstitutional, appellant contends.

3. "10–1202. Person interested or affected may have declaration.—Any person interested under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

4. "1–2311. Appeal to district judge.—If either party is dissatisfied he may, within 30 days from the entry of said judgment against him, appeal to a district judge of the county in which said court is located; and if the final judgment is rendered against him by such district judge, then he shall pay, in addition to any judgment rendered in the magistrate's division, an attorney's fee to the prevailing party in the sum of twenty-five dollars, provided, however,

that appeals from such small claims department shall only be allowed in such cases as appeals would be allowed if the action were instituted in the magistrate's division as is now provided."

5. "Stay of execution.—At the time of filing a Notice of Appeal from a small claim judgment, or at any time thereafter, the party appealing may file a cash bond in the sum of the judgment appealed from, and such filing shall automatically stay any further execution on the judgment until determination of the appeal."

6. Rule 81(l) was amended in 1982; the following sentence was added at the end: "The notice of appeal shall not be filed by the clerk of the court without the prepayment of the filing fee, except as provided by section 31–3220, Idaho Code." § 31–3220 provides for in forma pauperis waiver.

Appellant bases her argument on the following rationale: Idaho law recognizes there is no due process "hearing" if a party is denied representation of counsel; a party is denied counsel in a small claims action but that is constitutionally permissible because there is always an opportunity for a *de novo* proceeding on appeal to the district court, where counsel may participate; however, any taking of a party's property prior to the *de novo* proceeding is a taking without a due process hearing and is therefore unconstitutional; requiring payment of a bond or allowing execution on the judgment before the *de novo* proceeding is such a taking.

I.C. § 1–2308 prohibits representation by counsel in a small claims action.[7] It came under constitutional attack in *Foster v. Walus,* 81 Idaho 452, 347 P.2d 120 (1959). This court noted, quoting from *In re Petrie,* 40 Wash.2d 809, 246 P.2d 465, 467 (Wash.1952), that "[t]he elements of the constitutional guaranty of due process in its procedural aspect are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case"; including, the court stated, "the right of representation by counsel." 81 Idaho at 456, 347 P.2d at 122. The court went on to hold, however, that the constitutional infirmity created by the statutory prohibition of attorneys in small claims court was overcome by the fact that an opportunity for a trial *de novo* is always available to the litigants. Counsel can appear in the *de novo* proceeding, and "this satisfies the due process requirement." *Id.* 81 Idaho at 459, 347 P.2d at 124.

This court held in *Foster,* essentially, that a small claims court trial is constitutionally incomplete; it cannot stand on its own. Without the guaranty of a trial *de novo,* a proceeding in which the litigants are denied counsel is unconstitutional. Until the small claims defendant has had an *opportunity* to appeal the judgment, due process is not satisfied, and any taking of property is unconstitutional. In this respect, appellant contends, the bond requirement, and the pre-appeal execution on judgments, are not unlike pre-judgment garnishment, which is unconstitutional. *See, Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). We agree.

Other courts have reached the same result as this court did in *Foster: Prudential Ins. Co. of America v. Small Claims Court,* 76 Cal.App.2d 379, 173 P.2d 38 (Cal.App. 1946); *Windholz v. Willis,* 1 Kan.App.2d 683, 573 P.2d 1100 (Kan.App.1977); *North Central Service v. Hafdahl,* 625 P.2d 56 (Mont.1981). Moreover, the California Supreme Court, relying on *Prudential, supra,* reached a result similar to that which we here reach in *Brooks v. Small Claims Court,* 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249 (Cal.1973). There the court held that the requirement of an undertaking in connection with an appeal from a small claims judgment constituted a taking of property prior to a due process hearing with right to counsel, and was unconstitutional as such. *Id.* 105 Cal.Rptr. at 789, 504 P.2d at 1253.

Accordingly, we hold that to allow execution on a small claims judgment before either an appeal has been made final or the time for filing such appeal has expired is a taking without due process.

It follows that I.R.C.P. 81(m) is superfluous, since we hold there can be no execution pending determination of the appeal to the district court. Because they require that a person be deprived of his property before he has had a full due process hearing, the bond requirements of I.C. §§ 1–2311 and 1–2312, and I.R.C.P. 81(*l*)

---

7. Formerly compiled as I.C. § 1–1508, that section reads: "Use of counsel prohibited—Witnesses and evidence—Judgment.—No attorney-at-law or any other person than the plaintiff and defendant shall concern himself or in any manner interfere with the prosecution or defense of such litigation in said department, nor shall it be necessary to summon witnesses, but the plaintiff and defendant in any claim shall have the privilege of offering evidence in their own behalf, themselves and witnesses appearing at such hearing, and being duly sworn as in other cases, and the magistrate shall render and enter judgment as in other cases."

are unconstitutional. However, the filing fee ($20.00) is *de minimus*. It is not in the nature of a bond, which anticipates an outcome unfavorable to the party appealing and secures his property to guarantee payment of costs, attorney fees and judgment. It is a non-recoverable fee, waiveable pursuant to I.C. § 31–3220. We therefore decline to extend our holding to the requirement of the filing fee on appeal.

The judgment of the district court is reversed. Parties to bear their own costs.

DONALDSON, C.J., and BISTLINE, J., concur.

BAKES, Justice, dissenting:

As the majority points out, this Court has previously upheld the constitutionality of the Idaho statutory small claims procedure in *Foster v. Walus,* 81 Idaho 452, 347 P.2d 120 (1959). The only deficiency which the Court at that time found in the statutory small claims procedure was the denial of counsel at the small claims trial which the Court held was cured by the right to a trial *de novo* in the district court. It is interesting to note that at the time of the *Foster* case the same appeal bond requirement which is now disapproved by the majority, was part of the statute, and the Court in *Foster* found no problem with that appeal bond provision. *See* I.C. § 1–1512, repealed by 1969 Idaho Sess.Laws, ch. 111, § 19, and replaced by the present I.C. § 1–2312. *See* 1923 Idaho Sess.Laws, ch. 177, § 12.

Since the present small claims statutory scheme is substantially the same as the statutory small claims procedure which this Court upheld in *Foster v. Walus, supra,* the majority has apparently turned to the due process clause of the United States Constitution in its effort to strike down the Idaho small claims procedure. Thus, the majority states, *ante* at 1129:

"Until the small claims defendant has had an *opportunity* to appeal the judgment, due process is not satisfied, and any taking of property is unconstitutional. In this respect, appellant contends, the bond requirement and the pre-appeal execution on judgments, are not unlike pre-judgment garnishment, which is unconstitutional. *See Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). *We agree.*" (Emphasis supplied.)

However, the *Sniadach* and *Fuentes* cases are not the most recent statement by the United States Supreme Court on the question of when a pre-judgment seizure of a person's property constitutes a deprivation of procedural due process. Subsequent opinions of the United States Supreme Court have modified substantially the *Sniadach* and *Fuentes* concepts of due process.[1] By not considering *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the majority in this case is unnecessarily discarding the state statutory small claims procedures that are constitutionally sound, as an analysis of those more recent cases will show.

In *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the United States Supreme Court considered the constitutionality of a statutory replevin scheme that allowed a writ of replevin to be issued *ex parte* by the clerk of a court upon an affidavit alleging wrongful detention of the property. The affidavit stated in conclusory terms the entitlement of the party to the property. No prior notice or opportunity for hearing was allowed to the defendant. The question then presented was,

"whether procedural due process in the context of these cases requires an opportunity for a hearing *before* the state au-

1. *Fuentes v. Shevin* was only a 4–3 decision, with two justices not participating. In many respects it has been overruled in *Mitchell v. W.T. Grant Co., supra.* As we noted in *Massey-Ferguson Credit Corp. v. Peterson,* 96 Idaho 94, 524 P.2d 1066 (1974):

"While the majority opinion in *Mitchell v. W.T. Grant Co., supra,* does not expressly overrule the *Fuentes* requirement of a full adversary hearing before seizure of property under replevin type statutes, the court in *Mitchell* apparently discarded that requirement for a more flexible test of procedural fairness which creditors may more easily meet." *Id.* at 99, 524 P.2d 1066.

thorizes its agents to seize property in the possession of a person upon the application of another." *Id.* at 80, 92 S.Ct. at 1994.

The United States Supreme Court held that the replevin statutes, as discussed above, did not provide a fair, nonarbitrary determination of entitlement to property. The court, however, expressly limited its decision, stating:

"Our holding, however, is a narrow one. *We do not question the power of a state to seize goods before a final judgment* in order to protect the security interests of creditors so long as those creditors have tested their claim to the goods through the process of a fair prior hearing. The nature and forum of such prior hearing, moreover, are legitimately open to many potential variations and are a subject, at this point, for legislation—not adjudication." 407 U.S. at 96, 92 S.Ct. at 2002. (Emphasis added.)

Later in *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), the United States Supreme Court upheld the validity of state statutes authorizing the seizure of property before a final judgment. At issue in *Mitchell v. W.T. Grant Co., supra,* was the validity of a Louisiana sequestration statute, which allowed for a pre-judgment seizure of property pursuant to an *ex parte* application by a creditor, accompanied by an affidavit, specifying one of several specific grounds for sequestration. The writ itself could only be issued by a judge, rather than a clerk, as in *Fuentes.* However, it was issued upon the creditor's *ex parte* application. The statutes provided the debtor with an immediate post seizure hearing, if requested, which required the creditor to prove the ground upon which the writ was issued.

The United States Supreme Court, after citing the rule that due process does not guarantee any particular form of procedure, upheld the Louisiana procedure, saying that "the state has reached a constitutional accommodation of the respective interests...." *Id.* at 610, 94 S.Ct. at 1901. The court emphasized the fact that the Louisiana procedure involved judicial participation, and even though it was an *ex parte* procedure, the writ could issue only upon allegations of specific facts showing the creditor's entitlement to the property. These two factors in particular minimized the risk of a wrongful taking, while working to protect the creditor's interest. Thus, the Supreme Court in *Mitchell v. W.T. Grant Co., supra,* indicated that due process is not violated if the property owner is given a pre-taking hearing or an immediate post-taking hearing.

Comparing the procedure approved in *Mitchell v. W.T. Grant Co.* with the procedure under our own small claims appeal statutes, it is apparent that those small claims procedures fully comport with the requirements of procedural due process as set out in our case of *Foster v. Walus, supra,* and the United States Supreme Court's decision in *Mitchell v. W.T. Grant Co., supra.* In *Mitchell,* the pretaking hearing consisted of an *ex parte* procedure with judicial participation. That procedure was upheld.

In the Idaho small claims process, at the time that the appellant is required to post the cash appeal bonds, which the majority asserts results in the appellant being "deprived of his property before he has had a full due process hearing," the appellant has had much more due process than that which the Supreme Court upheld for the State of Louisiana in *Mitchell v. Grant.* First, the small claims process is not *ex parte,* as it was in *Mitchell;* rather, the defendant was served with a summons and a complaint, both parties are given notice of a trial setting, and the trial was held before a lawyer magistrate judge, trained in the law, where both parties were allowed to present evidence and argue to the judge concerning their entitlement to the property. This trial certainly gave more procedural protection to the defendant than the *ex parte* judicial hearing in *Mitchell,* where the defendant was not only not represented by counsel, but was not even given notice of the proceedings and thus could not appear personally.

Under the Idaho statute and rule, if a judgment is rendered in favor of the plaintiff, the defendant, if he desires to appeal and is not indigent pursuant to I.C. § 31–3220, is required to post the cash bonds in order to appeal the judgment. That temporary property deprivation caused by the appeal bond requirement pending the final decision of the district court in the trial *de novo* is no more onerous than the temporary property deprivation approved by the Supreme Court in *Mitchell* where the court approved a state statutory procedure which permitted the sequestration of the litigant's property pending the trial of the cause, based on an *ex parte* proceeding at which *neither* the defendant *nor* his attorney were given an opportunity to participate. The due process provided by the Idaho small claims statutes which gives the defendant a full trial, albeit without an attorney, before the temporary property deprivation occurs, far exceeds the due process approved by the Supreme Court in *Mitchell v. W.T. Grant Co.* Accordingly the majority errs in concluding that I.C. § 1–2311–12 and I.R.C.P. 81(*l*) are unconstitutional under *Fuentes* and *Sniadach,* in view of the subsequent decision of the Supreme Court in *Mitchell v. Grant.*

We recently upheld a similar Idaho statute imposing a $500 cost bond on appeal to the district court from the Board of Land Commissioners under I.C. § 58–147(c). *See Kootenai Environmental Alliance v. Panhandle Yacht Club, Inc.,* Idaho (1982), filed July 8, 1982 (petition for rehearing granted on a different issue). There is no constitutional reason why a different result should obtain in this case.

The Idaho small claims statutes, I.C. § 1–2311–12, and I.R.C.P. 81(*l*) are constitutional, and the district court's declaratory judgment holding those statutes and the rule unconstitutional should be reversed.

SHEPARD, J., concurs.