Andrew Thomas, Caldwell, for appellants.

No appearance by respondent.

PER CURIAM.

Skogerson sued the McConnells in small claims court and received a judgment against them. The McConnells decided to appeal to district court where they were entitled to receive a trial *de novo.* I.R.C.P. 81(n). Unable because of indigency to post the cash appeal bonds required by I.C. §§ 1–2311 and –2312 and I.R.C.P. 81(*l*), they moved the district court for an order waiving prepayment of fees, costs and security pursuant to I.C. § 31–3220. The district court denied the motion, reasoning that to grant the motion would be in excess

664 P.2d 770

**Lori SKOGERSON, Plaintiff-Respondent,**

v.

**Lawrence and Jerry C. McCONNELL, Defendants-Appellants.**

**No. 14272.**

Supreme Court of Idaho.

June 8, 1983.

of its jurisdiction, under I.R.C.P. 81(*l*) which provides that posting of security for appeal is jurisdictional.

 Moving for reconsideration, the McConnells contended that requiring security for such an appeal was a denial of due process. The district court adhered to its ruling and the McConnells appealed to this Court, continuing their argument that the appeal bond requirements of I.C. §§ 1–2311 and –2312 and I.R.C.P. 81(*l*) violate their constitutional rights to due process. Based on our recent decision in the case of *Frizzell v. Swafford,* 663 P.2d 1125, we agree.[1]

The judgment of the district court is reversed, and the district court is directed to pass upon the McConnells' claim of indigency and proceed in accordance with our opinion in *Frizzell v. Swafford, supra.*

Costs to appellants.

BAKES, Justice, concurring specially:

I concur in reversing the district court's dismissal of the McConnells' appeal, but not for the reasons set out in the majority opinion.

The district court, citing I.R.C.P. 81(*l*), concluded that the cash appeal bonds required by I.C. §§ 1–2311 and –2312, and I.R.C.P. 81(*l*), could not be waived for indigents pursuant to I.C. § 31–3220, and accordingly dismissed the appeal. The majority has reversed the district court, relying solely upon *Frizzell v. Swafford,* 104 Idaho 823, 663 P.2d 1125 (1983), which concludes

that those appeal bond provisions are unconstitutional as a violation of due process.

I cannot join the majority opinion for two reasons. First, I disagree with the notion that the appeal bond provisions in I.C. §§ 1–2311 and –2312, and I.R.C.P. 81(*l*), are in violation of due process. *See Frizzell v. Swafford,* 104 Idaho 823, 663 P.2d 1125 (1983), Bakes, J., dissenting. Secondly, regardless of the holding in *Frizzell,* fees, costs or surety bonds, such as those that must be posted for appeals from a small claims court under I.C. §§ 1–2311 and –2312 and I.R.C.P. 81(*l*) are waivable for indigent parties under I.C. § 31–3220.[1] The waiver provisions of I.C. § 31–3220 are obviously remedial and should be given broad application, including proceedings on appeal from the small claims court to the district court. As the majority points out, the appellants-McConnells, because of their indigency, were unable to post the cash appeal bond required by I.C. §§ 1–2311 and –2312, and I.R.C.P. 81(*l*). Therefore, the bonds were waivable under I.C. § 31–3220. Consequently, I fail to see how a violation of due process can occur when the appeal bond can be waived for these particular appellants. If the bond is waived, no bond is required, and no supposed violation of due process could possibly occur.

1. Additionally, the McConnells challenge the district court's refusal to rule upon their constitutional attack. In its memorandum decision denying the motion for reconsideration, the district court had held that "until the requirements of I.R.C.P. 81(*l*) are met, the district court does not have jurisdiction to make *any* determination of *any* issues that may be raised upon appeal in small claims matters." R. at 12. (Emphasis added.)

The district court has inherent power to pass upon its own jurisdiction. *Robinson v. Robinson,* 70 Idaho 122, 128, 212 P.2d 1031, 1034 (1949); *Haines v. State Insurance Fund,* 65 Idaho 450, 456, 145 P.2d 833, 835–36 (1944), and such necessarily entails the power to pass upon the constitutionality of statutes or court rules purporting to limit that jurisdiction. The California Supreme Court in a remarkably similar case, *Mendoza v. Small Claims Court,* 49

Cal.2d 668, 321 P.2d 9, 10 (Cal.1958), was succinct and to the point:

"If a statute on which a court's jurisdiction in a proceeding depends is unconstitutional, the court has no jurisdiction in the proceeding and since it may determine whether or not it has jurisdiction, it necessarily follows that it may inquire into the constitutionality of the statute . . . ." (Citations omitted.)

Thus, the district court did have jurisdiction to pass upon the constitutionality of I.C. §§ 1–2311 and –2312 and I.R.C.P. 81(*l*).

1. *See* the 1982 amendment to Rule 81(*l*), the last sentence of which reads, "The notice of appeal shall not be filed by the clerk of the court without the prepayment of the filing fee, except as provided by section 31–3220, Idaho Code."