HOWARD F. SIMON, APPELLEE, v. ABE LIEBERMAN, APPELLANT.

226 N. W. 2d 781

Filed March 20, 1975. No. 39607.

Olsson & Olsson, for appellant.

Stephen K. Yungblut, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action for a money judgment originally filed in the small claims court of Scotts Bluff County, Nebraska. The action involved the lending and loss of certain moving equipment blocks. Plaintiff sought recovery of $288. The small claims court entered judgment in favor of the plaintiff in the sum of $145 and costs. The defendant appealed to the District Court. At the time set for trial de novo in the District Court, the defendant appeared in person and by counsel. The District Court ordered that the case be tried without counsel because it was a small claims appeal. The case proceeded to trial without counsel over objection. The District Court made no findings of fact but entered judgment after trial in favor of the plaintiff in the sum of $140, together with interest and costs. The defendant has appealed. The sole issue on appeal is whether or not the defendant had a right to be represented by counsel in the trial de novo in the District Court.

The statutory scheme establishing the small claims court in Nebraska is set out in sections 24-521 to 24-527, R. S. Supp., 1974. Essentially those sections provide that each county court and each municipal court shall have a small claims department which shall be designated as the small claims court. Jurisdiction of the small claims court extends to all civil actions of any type where the amount claimed does not exceed $500,

exclusive of interest and costs. All matters in the small claims court are to be tried to the court without a jury, and "No party shall be represented by an attorney in the Small Claims Court."

The statutes authorize two procedures to transfer an action out of the small claims court. If the defendant files a setoff or counterclaim which exceeds the $500 jurisdictional limits of the small claims court, "the court shall cause the entire matter to be transferred to the regular county or municipal court docket and set for trial." If the defendant in any action in the small claims court desires trial to a jury and gives notice to the court prior to the time set for hearing "the case shall be transferred to the regular docket of the county or municipal court and shall thereafter be subject to all provisions of law and rules of court applicable to pro-ceedings in the county or municipal court."

The final section of the statutes dealing with the small claims court provides: "If either party is dis-satisfied with the judgment of the Small Claims Court, he may appeal to the district court of the county where the judgment was rendered. Any such appeal shall be tried de novo without a jury." § 24-527, R. S. Supp., 1974.

The parties tacitly agree that the right to appear by counsel somewhere in the proceedings must be guaran-teed in order to meet the requirements of constitu-tional due process. The defendant contends that to re-fuse a small claims defendant the right to appear by counsel at the trial de novo on appeal in the District Court constitutes a denial of due process, and that hear-ing in the District Court is the last hearing in a small claims case at which the right to appear by counsel can be exercised. The plaintiff argues that the statutory provisions which direct the transfer of an action out of the small claims court and into the county or municipal court whenever a request for a jury trial is filed or whenever a setoff or counterclaim exceeds the juris-

dictional limit, provide procedures which can be exercised by a defendant to remove a case from the small claims court and thus obtain a right to appear by counsel. Inferentially the argument is that such provisions are a sufficient guaranty of the right to appear by counsel to satisfy constitutional requirements, and that the failure to exercise that right in the small claims court, in effect, constitutes a waiver of the right.

The creation of small claims courts is clearly in accord with sound public policy. To provide a forum in which small claims may be prosecuted without the delay, expense, or procedural difficulties incident to normal litigation is a commendable accomplishment for the public benefit. In construing the statutes here, we are subject to the rule that where a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, will render it valid. Anderson v. Tiemann, 182 Neb. 393, 155 N. W. 2d 322.

The leading case on the issue now before us is Prudential Ins. Co. v. Small Claims Court, 76 Cal. App. 2d 379, 173 P. 2d 38, 167 A. L. R. 820. That case has been consistently followed by other courts and we deem it appropriate to quote relevant portions of that opinion. "It is urged that depriving a litigant of the right of counsel is a violation of due process. There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. * * * But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, *as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding.* * * * The defendant has no legal cause for complaint because if he is dissatisfied with the judg-

ment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial de novo. * * * In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement." (Emphasis ours.)

The Idaho Supreme Court has also held that where a defendant on appeal from the small claims court to the District Court may avail himself of a right to obtain a trial de novo with assistance of counsel therein, the requirement of due process is satisfied, and a statute permitting such small claims court proceedings is not unconstitutional, even though it prohibits attorney representation in the small claims court. Foster v. Walus, 81 Idaho 452, 347 P. 2d 120.

Two other cases involving the California small claims court are helpful on the issues involved here. In Mendoza v. Small Claims Court of Los Angeles J. D., 49 Cal. 2d 668, 321 P. 2d 9, the court held that unless public necessity demands it, due process requires that no person shall be deprived of a substantial right without notice and hearing, and the right to a hearing includes the right to appear by counsel. The court quoted from Powell v. State of Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158: " 'What, then, does a hearing include? Historically and in practice, in our country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right. * * * If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.' "

After citing the Prudential case, the court held that a legislative amendment which gave jurisdiction to the small claims court in unlawful detainer cases was unconstitutional because a stay of proceedings on appeal was discretionary with the trial judge. The court

pointed out that under the appeal provisions of ordinary small claims cases treated in Prudential, an automatic stay precluded a deprivation of property until the appeal was determined and said: "In the present case the right to counsel on appeal cannot save the amendment, for there is no automatic stay and the defendant may be dispossessed prior to the trial de novo."

The same principle was enunciated again in Brooks v. Small Claims Court, Downey J. D., 8 Cal. 3d 661, 105 Cal. Rptr. 785, 504 P. 2d 1249. The court held that a statutory requirement that a party desiring to appeal from a judgment entered in the small claims court must furnish a bond, or cash deposit in lieu of a bond, constituted an unconstitutional taking of property without due process because it was required prior to a due process hearing with a right to appear by counsel. The court cited both Prudential and Mendoza and with reference to the latter case said: "Although a statute permitted the trial judge to stay proceedings upon the judgment pending appeal, the stay was merely discretionary. Thus the defendant was not guaranteed a hearing with right to counsel prior to being dispossessed."

It is wholly unrealistic to assume that a defendant in the small claims court should be expected to know that if he wishes to appear by counsel, he must file a request for trial by jury. It is even more unrealistic to assume that a failure to request a jury trial constitutes some sort of voluntary waiver of his right to a constitutional due process hearing, which includes the right to appear by counsel. Plaintiff's argument on these issues is wholly unsupportable.

In an appeal to the District Court from a judgment of the small claims court under section 24-527, R. S. Supp., 1974, a party has the right to provide his own counsel and appear by such counsel in the District Court. The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.