**Novelle CARR, Appellant-Defendant,**

v.

**Juanita PENA, Appellee-Plaintiff.**

**Civ. No. 75/487.**

District Court, Virgin Islands,
D. St. Croix.

May 5, 1977.

---

Thomas A. Elliot, Legal Services of the Virgin Islands, Christiansted, St. Croix, V. I., for appellant.

Warner Alexander, Christiansted, St. Croix, V. I., for appellee.

## MEMORANDUM OPINION WITH ORDER

WARREN H. YOUNG, District Judge.

Should the unsuccessful litigant of a trial in the Small Claims Division of the Territorial Court have a "second bite of the apple" and this second time, with the assistance of counsel? This is the singularly most important question posed to the District Court on this appeal *in forma pauperis* from the Small Claims Division of the Territorial Court. There are other issues which will be considered.

### I

### BACKGROUND

This action was commenced by appellee, Juanita Pena, (herein "Pena") filing a complaint with the Small Claims Division of the Municipal Court on February 12, 1975, alleging that appellant Novelle Carr (the defendant below) (herein, "Carr") inter alia, drove a car with license number C–21362 that hit Pena's car on or about 4:00 p. m., January 7, 1975, along Good Hope Road. Pena claims damages of $288.00 to her car and $34.00 for two days' rental of a substitute car. At the trial on May 9, 1975, the parties appeared; Pena was her only wit-

ness while Carr and his wife, Marie Carr, both testified. Pena testified that on January 7, 1975, her vehicle was hit by a car bearing license number C–21362, although she did not testify she saw the license number. The license number was identified by a nine-year old at the scene who wrote it down. Neither the nine-year old nor the paper upon which the number was written appeared at trial. Pena stated that Quality Auto Body Repair Shop's written estimate for repairs for appellee's car was $288.45. Neither was the written estimate nor was the testimony of the mechanic who made the estimate offered into evidence.

Carr and his wife testified that on January 19, 1975, his car, a green Comet with license number 21362, was involved in an accident off Centerline Road in Peter's Rest causing damage to its right front fender which was then reported to the police. Pena stated that after January 7, 1975, she first spotted Carr's car on January 29, 1975, and spoke with the driver, Marie Carr, claiming the damages to the right front fender of Carr's car were from the January 7, 1975 accident. Carr testified that on January 7, 1975, between the hours of 11:30 a. m. and 10:30 p. m. he and his wife had locked their car in the parking lot at the Outrigger Restaurant in Christiansted, to eat lunch and attended the "Village". Carr and his wife stated that the only accident that ever involved their car occurred on January 19, 1975, and not with Pena's car on January 7, 1975.

The trial court found that the Carrs were liable for damages to Pena in the sum of $288 for repairs and $34 for rental of a substitute car. Judgment dated May 13, 1975, awarded to Pena $322 plus $22 for court costs.

Carr, through his attorney, Legal Services of the Virgin Islands, filed a timely motion for new trial pursuant to 5 V.I.C. App. IV R. 65 and a timely motion for change of division from Small Claims and rehearing in the Civil Division of Municipal Court. The motions were presented to Judge Moorhead, but he denied Carr's attorney, Legal Services of the Virgin Is-

lands, to appear in Carr's behalf to argue the motion. Subsequently, in an order dated May 29, 1975, Carr's motion for change of division and rehearing was denied, Carr's request to submit testimony in support of the motion was denied, and the trial judge stated that the testimony of Pena at the trial was sufficient for the court to make its findings of fact and judgment in favor of appellee.

Carr filed a timely notice of appeal from the final judgment dated May 13, 1975 and from the Order dated May 29, 1975, denying the motion for change of division and rehearing. Appellant applied for, and was granted, leave to proceed on appeal in forma pauperis. A transcript of the hearing below has been filed.

## II

Appellant Carr is now before this court seeking the right to appear through an attorney in Small Claims Court and having 4 V.I.C. § 112(d) declared unconstitutional as a denial of due process of the law in violation of the Fourteenth Amendment through Section 3 of the Revised Organic Act of 1954. Carr also seeks that the trial court's findings be set aside as clearly erroneous or as violating the rules of evidence. Carr raises further issues claiming the trial court abused its discretion in denying testimony in support of appellant's post-trial motions and claiming the judgment below is void to the extent the damages awarded exceeded the $300 maximum permitted pursuant to 4 V.I.C. § 112(d).

## III

One remedy sought by appellant is a declaration that the trial judge's refusal to allow counsel to argue in the Small Claims division is constitutional error, since the judgment debt is a taking of property of the appellant without due process of law. Due process would require that a party's request to be heard by counsel before the taking of his property not be denied. In support of this, Carr cites *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932) and *Roberts v. Anderson*, 66 F.2d

874 (10th Cir. 1933). Thus, even when a statute bars appearance of counsel in a Small Claims court (as does 4 V.I.C. § 112(d)), the right to counsel, Carr argues, must be preserved at a trial de novo on appeal, citing *Prudential Insurance Co. v. Small Claims Court*, 76 Cal.App.2d 379, 173 P.2d 38, 39 (1st District 1946); *Simon v. Lieberman*, 193 Neb. 321, 226 N.W.2d 781, 782 (1975); *Brooks v. Small Claims Court*, 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249, 1253–54 (1973) (en banc); *Foster v. Walus*, 81 Idaho 452, 347 P.2d 120, 125 (1969); *Mendoza v. Small Claims Court*, 49 Cal.2d 668, 321 P.2d 9, 12 (1958).

Carr's constitutional argument has merit, but the solution sought, i. e., the appearance of counsel in the Small Claims Division is not necessarily mandated by the authorities relied on *supra* by Carr.

 It is settled law that due process requires that a party have a hearing, and the right to have a hearing includes the right either to be heard on one's own behalf or to be heard through counsel. The choice rests with the party. Any denial of appearance of counsel must not be arbitrary. These standards are set forth in *Powell v. Alabama*, 287 U.S. 45, 68, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (1932):

> "What, then, does a hearing include? Historically and in practice, in our own country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right. . . . If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing and therefore, of due process in the constitutional sense."

Also, we have the following language from *Goldberg v. Kelly*, 397 U.S. 254, 270, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287:

> "We do not say that counsel must be provided at the pre-termination hearing [for welfare eligibility], but only that the recipient [of welfare] must be allowed to retain an attorney if he so desires."

See also *Roberts v. Anderson*, 66 F.2d 874, 876 (10th Cir. 1933):

> "The right to a hearing includes the right to the assistance of counsel of his own choice, if requested."

*Mendoza v. Small Claims Court*, 49 Cal.2d 668, 321 P.2d 9 (1958) and *Brooks v. Small Claims Court*, 8 Cal.3d 661, 105 Cal.Rptr. 785, 504 P.2d 1249 (1973) are the highlights of the jurisprudence so far developed on the right to be heard through counsel in a small claims court. They essentially hold that it is a denial of due process to take a person's property under force of law of execution or attachment without giving that person an opportunity to have counsel before the property is taken.

Several jurisdictions have found their small claims judicial schemata to be consistent with this constitutional principle. California, [*Prudential Insurance Company v. Small Claims Court*, 76 Cal.App.2d 379, 173 P.2d 38, 39, 40 (1946)], Nebraska [*Simon v. Lieberman*, 193 Neb. 321, 226 N.W.2d 781 (1975)], and Idaho [*Foster v. Walus*, 81 Idaho 452, 347 P.2d 120 (1959)] have declared their small claims courts to have constitutional jurisdiction to bar counsel from appearing therein provided that there remains a statutory provision for trial *de novo with aid of counsel*, if desired, on appeal from the judgment of the small claims court. The inference to be drawn from this case is that a statute barring counsel from a small claims court would be unconstitutional if the statute did not also provide a right to have counsel representation on a trial *de novo* on review. These judicial schemata, however, although constitutional, are not the only constitutional choices. The courts in these jurisdictions were not faced with exploring the ramifications of developing a system which does not provide for a statute providing for *de novo* trial on appeal, such as we have in the Virgin Islands. Here the role of the district court as a reviewing court is limited and does not include a *de novo* trial [*Louis v. United States Homes Communities*, Civil 75/574 (Division of St. Croix, filed November 13, 1975, p. 2; and Rules 185 and 186 of 5 V.I.C.App. IV] and

where the small claims division is a court of record.

▮ Therefore, the task confronting us is to set forth the requirements which due process mandates for the exercise of our small claims jurisdiction. Firstly, due process requires that a party have a right to be heard through counsel at some stage. Whether that stage be at the trial level or at a trial *de novo* on appeal or simply on review *of the record* has not been definitively and directly addressed in other jurisdictions. At the time of aforementioned decisions in California, Idaho, and Nebraska, these states already had statutes providing *for de novo* trial on appeal. In our judicial schemata for small claims, I believe that due process is satisfied by reason of the following:

1. The Small Claims Division of the Territorial Court is a Court of record.

2. If at any time in the trial in the Small Claims Division, counsel is requested, the trial judge, if satisfied that counsel has been or will be retained and that the request is not merely a delaying tactic, (or a "second bite of the apple"), may transfer the matter to the Civil Division.

3. There is nothing in our small claims schemata (4 V.I.C. 112) that bars counsel from appearing and arguing post trial and post judgment motions.

 [and this is important in view of the lack of discovery and resulting surprise which probably affects any trial without assistance acceptance of counsel]

4. The Small Claims trial judge may grant a new trial in the Small Claims Division or he may transfer the matter for a new trial in the Civil Division if he becomes persuaded that the need for trial counsel would be desirable.

5. If the Small Claims trial judge rules that a new trial is not mandated, the unsuccessful litigant has the right of appeal directly to the District Court—where the assistance of counsel, of course, is not barred—and where all parties have the benefit of a transcript of the trial and motions below.

6. Then, if the District Court, while recognizing the liberal rules of evidence in the Small Claims Division, reverses and mandates a new trial, it may transfer the matter to the Civil Division of the Territorial Court where trial counsel may appear and argue if any one or more of the parties so request.

IV

▮ In this appeal, I find that the Small Claims trial judge made no findings of fact and conclusions of law as required by Rule 52(a). Rule 6 of 5 V.I.C.App. IV provides that the general rules of practice and procedure in the civil division of the Territorial Court shall apply to the small claims division to the extent not inconsistent therewith. Conformity to these rules is essential for an appeal. In addition to aiding the court of review, findings and conclusions are helpful in aiding the trial judge's process of decision making and are essential for purposes of *res judicata* and estoppel [Moore's Federal Practice, 2d ed. 5A § 52.00(1)].

For the lack of special findings of fact and conclusions of law, I would remand this action to the Territorial Court with directions to have the trial judge make his findings of fact and conclusions of law. However, I am faced with the fact that the trial judge who presided below has now retired and is no longer serving court. For this additional reason and for the further reason that defendant is now requesting assistance of counsel, I will remand the action for a new trial in the Civil Division of the Territorial Court. It is my belief that when the defendant moved for a new trial in the Small Claims Division, the small claims judge should have permitted his attorney to argue the motion and I also believe it was error not to grant a new trial since the attorney advised the court that he was prepared to introduce additional evidence consisting of police accident reports and other evidence which would substantiate the defendant's claim that his car was not involved in the accident with the plaintiff's car.

## V

The last issue which I should decide on this appeal concerns the question whether the jurisdiction of a small claims court was increased from a $300 monetary limit to a $500 monetary limit by the act of the Legislature in 1973. Unfortunately, the Legislature amended sub-paragraph (a) of Section 112, Title IV, but obviously neglected to increase the numbers from $300 to $500 in sub-paragraphs (b) and (c). The question is whether the court can correct an obvious Legislative mistake or whether this would be condemned as "judicial legislation".

This very question was considered by one of the three Territorial judges in a recent motion before him wherein the non-prevailing defendant moved for a remittitur of $200 of a $500 judgment on grounds that sub-paragraph (b) and (c) of Section 112 still referred to $300 in lieu of the $500 provided for in sub-paragraph (a) of Section 112. Judge Irwin Silverlight, a newcomer to the Territorial bench, but indeed being already recognized as a learned judge in his first year on the bench, wrote a very articulate and succinct Memorandum Opinion[1] denying the motion for remittitur on grounds that the court had the right and indeed the duty to correct an obvious manifested legislative mistake. While I find his language a bit strong, I do concur with his reasoning, and I especially like the antepenultimate sentence of his Memorandum Opinion to-wit:

> "The entire history of the Small Claims Court and its purpose in the context of the legislative debate preceding the enactment of Act No. 3380, *supra*, establishes a clear, manifest, controlling, necessary, positive, unavoidable and irreconcilable inconsistency and repugnancy unless read as a clerical mistake or inadvertence, as a result of which subsections (b) and (c) were not specifically amended to conform to subsection (a) of the aforementioned section of Title 4 of the Code."

1. *Schroeder v. Hackett*, Small Claims No. 76/1977, Territorial Court of the Virgin Islands

(Division of St. Croix at Christiansted)—Opinion filed March 22, 1977.