No. 91-291

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

MARGARET JOHNSON,

         Plaintiff and Respondent,

  v.

CAPITAL FORD GARAGE,

         Defendant and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           R. J. "Jim" Sewell, Jr., and Lewis K. Smith,
Smith Law Firm, Helena, Montana

      For Respondent:

           Margaret Johnson, Pro Se, Helena, Montana

      For Amicus Curiae:

           Honorable Marc Racicot, Attorney General;
Clay R. Smith, Solicitor, Helena, Montana

FILED

NOV 14 1991

Filed: _Ed Smith_
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  October 17, 1991

Decided:  November 14, 1991

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Margaret Johnson sued Capital Ford in the Small Claims Division of the Lewis and Clark County Justice Court. Johnson prevailed, and Capital Ford appealed to the First Judicial District Court in Lewis and Clark County. The District Court reviewed the taped record from the Small Claims Division and affirmed. Capital Ford then moved for reconsideration and raised certain constitutional issues. The District Court denied Capital Ford's motion for reconsideration. Capital Ford appeals. We affirm.

The issues are:

1. Does the statutory prohibition against de novo appeals from the decisions of small claims courts violate Capital Ford's right to due process?

2. Did the District Court violate Capital Ford's right to due process by limiting its review to the record from the Small Claims Division?

3. Did the District Court err in finding sufficient evidence in the record to support the judgment of the Small Claims Division?

In July or August 1988, Johnson left her car with Capital Ford for repairs. She did not pick it up until January 30, 1989. At that time, she found grease on the passenger seat, grease in the trunk, dents in the hood and trunk lid, and a broken rear tail light. These damages were not present when she delivered the car to Capital Ford in 1988.

2

A series of frustrating discussions with Capital Ford followed. At one point, a Capital Ford mechanic admitted in the presence of both Johnson and shop manager Dirk Fredrickson that Capital Ford's employees had removed the old engine and left it in the trunk while they waited for delivery of a new engine. However, Fredrickson was unsympathetic and refused to remedy the damage or pay for repairs. Fredrickson's supervisors supported this decision.

On January 29, 1991, Johnson filed a complaint in the Small Claims Division of the Lewis and Clark County Justice Court. She claimed $2500 in damages. Judge Jewell heard the case on February 25, 1991. Johnson testified on her own behalf and presented testimony from other witnesses, as well as several exhibits. John Elliott appeared on behalf of Capital Ford. On February 28, 1991, Judge Jewell entered Findings of Fact, Conclusions of Law, and a Memorandum in which he found for Johnson and awarded her $2500 in damages, plus costs.

Capital Ford obtained counsel and appealed to District Court. The court limited its review to the record from the Small Claims Division, and on April 11, 1991, it issued an order affirming the decision of the Small Claims Division.

On April 22, 1991, Capital Ford moved for reconsideration. It argued that the evidence was insufficient to support Judge Jewell's findings, that Johnson had not proved Capital Ford damaged her car, that Judge Jewell had admitted exhibits without the proper

3

foundation, and that the District Court's refusal to entertain a de novo appeal violated Capital Ford's right to due process. Capital Ford briefed these issues. Johnson, who appeared pro se, did not. The District Court held a hearing on May 17, 1991, and denied Capital Ford's motion on May 28, 1991.

Capital Ford then appealed to this Court. It is still represented by counsel. Johnson is still pro se, and has briefed the fact issues. We ordered the Attorney General's Office to brief the constitutional issues on her behalf.

I

Does the statutory prohibition against de novo appeals from the decisions of small claims courts violate Capital Ford's right to due process?

Capital Ford argues that the statutory procedure governing appeals from small claims courts violates the state and federal due process guarantees. Section 25-35-803, MCA, provides:

> (1) If either party is dissatisfied with the judgment of the small claims court, he may appeal to the district court of the county where the judgment was rendered. An appeal shall be commenced by giving written notice to the small claims court and serving a copy of the notice of appeal on the adverse party within 10 days after entry of judgment.
> (2) *There may not be a trial de novo in the district court. The appeal shall be limited to questions of law.* [Emphasis added.]

Attorneys may not appear in small claims court, unless all parties are represented. Section 25-35-505(2), MCA. Capital Ford asserts

4

that this statutory scheme unconstitutionally deprives it of the assistance of counsel at all levels of the fact-finding process.

Capital Ford cites *North Central Services, Inc. v. Hafdahl* (1981), 191 Mont. 440, 625 P.2d 56, in support of this position. In *Hafdahl*, the appellant challenged § 25-35-403(2), MCA (1979) (repealed 1981), a statute that was virtually identical to present § 25-35-803(2), MCA. We said:

> The Montana Constitution is silent on right to counsel in civil cases, but nearly all courts have held that such right is implicit in due process guarantees. For example see *Prudential Ins. Co. v. Small Claims Court* (1946), 76 Cal.App.2d 379, 173 P.2d 38; *Foster v. Walus* (1959), 81 Idaho 452, 347 P.2d 120. We hold that in Montana the right to counsel is implicit within constitutional guarantees of due process, and the right to counsel must exist at *some stage* of the proceeding. [Emphasis added.]

*Hafdahl*, 625 P.2d at 58.

We concluded that the statutory prohibition against de novo appeals was:

> [U]nconstitutional because it effectively denies counsel *at all levels of factual determination*. The right to counsel can be denied in the small claims procedure, as long as the right is protected on appeal. [Emphasis added.]

*Hafdahl*, 625 P.2d at 58. Capital Ford asserts that *Hafdahl* required the legislature to provide for de novo appeals. Apparently Capital Ford believes any statutory solution other than de novo appeal is unconstitutional for the reasons we enumerated in *Hafdahl*. We disagree.

5

The 1981 legislature responded to *Hafdahl* with Senate Bill 485. The recitals preceding the bill, as enacted, make it clear that the legislature was attempting to remedy the problems we enumerated in *Hafdahl*. *See* 1981 Mont. Laws 586. Senate Bill 485 repealed all of the then-existing small claims statutes. Section 29, 1981 Mont. Laws 586. However, the legislature re-enacted some of the repealed statutes as part of a new statutory scheme.

Significantly, the legislature chose *not* to provide for de novo appeal. *See* § 21(2), 1981 Mont. Laws 586 (now codified as § 25-35-803(2), MCA). Instead, it afforded defendants in small claims court an opportunity to remove their cases to justice's court, and provided that failure to do so operates as a waiver of the rights to counsel and trial by jury. Section 18(2), 1981 Mont. Laws 586 (now codified as § 25-35-605(3), MCA). We have not previously had occasion to consider the constitutionality of this revised statutory scheme.

Under the new procedure, the small claims plaintiff must notify the defendant of the possibility of procedural waiver of the rights to counsel and trial by jury. *See* § 7, 1981 Mont. Laws 586 (now codified as § 25-35-602, MCA). Pursuant to this notification requirement, the complaint in the instant case contained the following language:

> You are hereby further notified that, within 10 days of service upon you of this complaint and order, you may remove this action from small claims court to Justice's

6

Court, and that your failure to remove shall constitute a waiver of your right to trial by jury and to representation by counsel.

This warning appears on the front of the complaint in the same typeface as the rest of the document. Capital Ford does not argue that this warning was visually inadequate so we do not reach that issue. However, we believe a warning of such importance should be conspicuous and we suggest to the state's small claims courts that in the future they print the warning in bold type.

Capital Ford does not deny receiving this warning; it argues instead that its representatives could not evaluate the significance of the waiver without the assistance of counsel. We are not persuaded. The complaint very clearly warned the defendant that it would waive its right to counsel and jury trial by failing to remove. The assistance of counsel is, therefore, not essential to a voluntary and knowing waiver of these rights in a civil case. Furthermore, the statute did not prevent Capital Ford from consulting with an attorney immediately following its receipt of the complaint. The statute merely prohibited the in-court appearance of an attorney on Capital Ford's behalf.

The new small claims procedure complies with *Hafdahl* because it does not absolutely prohibit counsel at all stages in the litigation. Instead, it places the responsibility for preservation of that right on the defendant who must choose between the peace of mind that comes from representation by counsel, and the quick,

affordable justice available in small claims court. Capital Ford made the decision to take its chances in small claims court and now it must abide by the result. We hold that the revised statutory scheme does not violate Capital Ford's right to due process.

## II

Did the District Court violate Capital Ford's right to due process by limiting its review to the record from the Small Claims Division?

Capital Ford argues that the District Court violated its due process rights by refusing to allow Capital Ford's attorney to do more than file a notice of appeal. Specifically, Capital Ford complains that "[f]rom that point on, the Court reviewed the record and affirmed the judgment." Apparently this is little more than a restatement of Capital Ford's de novo appeal argument. For the reasons articulated in Part I of this opinion, we hold that in the context of the new statutory scheme it is no longer unconstitutional to prohibit de novo appeals.

## III

Did the District Court err in finding sufficient evidence in the record to support the judgment of the Small Claims Division?

Capital Ford argues that the record contains insufficient evidence to support the judgment in Johnson's favor. However, a close reading of Capital Ford's brief reveals that Capital Ford is actually arguing that Judge Jewell admitted exhibits without requiring Johnson to establish the proper evidentiary foundation.

8

Specifically, Capital Ford challenges the admissibility of repair estimates Johnson obtained two years after she retrieved her car from Capital Ford. We find no merit in this argument.

In enacting the statutes governing small claims procedure, the legislature sought to provide for the informal disposition of claims. Section 25-35-501, MCA, provides:

> It is the purpose of this chapter to provide a speedy remedy for small claims and to promote a forum in which such claims may be heard and disposed of without the necessity of a formal trial.

Capital Ford's insistence on strict compliance with technical rules of evidence is contradictory to the legislature's expressed intention to provide a forum for the informal resolution of small claims.

Furthermore, § 25-35-702, MCA, provides:

> The plaintiff and the defendant may offer evidence in their behalf by witnesses appearing at such hearing in the same manner as in other cases arising in justice's court or by written evidence, *and the judge may direct the production of evidence as he considers appropriate*. The small claims court has the subpoena power granted to justices' courts in all civil cases. [Emphasis added.]

We believe the emphasized language grants the small claims judge broad discretion in controlling the admissibility of testimony and exhibits.

The taped record in the instant case shows that Capital Ford did not stand helplessly by while Johnson put her evidence in front of the small claims judge. Although Mr. Elliott did not object to Johnson's references to the repair estimates during her testimony,

9

he did voice specific concerns about the reliability of that evidence *before* Judge Jewell appended it to the record. Johnson then replied that she had not obtained estimates earlier because she believed Capital Ford would ultimately accept responsibility for the damage.

The small claims judge and the District Court took Mr. Elliott's concerns into account in assessing the weight of this evidence rather than its admissibility. The smaller of the two repair estimates for body work alone exceeded Johnson's recovery by almost a hundred dollars. We hold that the record contains sufficient evidence to support the judgment against Capital Ford.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

November 14, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

R.J. "Jim" Sewell and Lewis K. Smith
SMITH LAW FIRM, P.C.
P.O. Box 604
Helena, MT 59624

Margaret Johnson
8230 Green Meadow Drive
Helena, MT 59601

Hon. Marc Racicot, Attorney General
Clay R. Smith, Solicitor
Justice Bldg.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy