LUCILLE M. GIBBONS, APPELLEE, V.
DON WILLIAMS ROOFING, INC., APPELLANT.

623 N.W. 2d 662

Filed March 23, 2001. No. S-99-1373

Thomas R. Lamb, of Anderson, Creager & Wittstruck, P.C., for appellant.

Richard J. Butler, on brief, Patrick T. O'Brien, and Matthew F. Wright, of Butler, Galter, O'Brien, Boehm & Fritz Law Firm, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Lucille M. Gibbons obtained a default judgment against Don Williams Roofing, Inc. (Williams), in the small claims court for

Lancaster County. An attorney filed a notice of appeal in the small claims court indicating Williams' intent to appeal the judgment. The Lancaster County District Court dismissed the appeal for lack of jurisdiction, and Williams appeals.

## SCOPE OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tilt-Up Concrete v. Star City/Federal, ante* p. 64, 621 N.W.2d 502 (2001).

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Referral of Lower Platte South NRD, ante* p. 90, 621 N.W.2d 299 (2001).

## FACTS

Gibbons brought this action against Williams, seeking damages allegedly caused by Williams while roofing Gibbons' house. After Williams failed to appear on the trial date, a default judgment was entered in favor of Gibbons in the amount of $1,375 plus costs. Williams retained an attorney who thereafter signed and filed a notice of appeal to the district court and an appeal bond on behalf of Williams. Gibbons filed a motion to dismiss the appeal, and the district court sustained the motion, finding that the appeal had not been taken in accordance with applicable statutes. The district court held that an attorney could not perfect an appeal from the small claims court, and therefore, the district court was without jurisdiction to hear the appeal. Williams timely appealed, and we removed this case to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Williams assigns as error that the district court erred in concluding that its attorney could not file a notice of appeal on its behalf and in determining that the court lacked jurisdiction to hear the appeal.

ANALYSIS

The following statutes are applicable to our analysis: Neb. Rev. Stat. § 25-2803(2) (Reissue 1995) provides: "No party shall be represented by an attorney in the Small Claims Court except as provided in section 25-2805." Neb. Rev. Stat. § 25-2805 (Cum. Supp. 2000) provides:

> [A]ny defendant in an action or such defendant's attorney may transfer the case to the regular docket of the county court by giving notice to the court at least two days prior to the time set for the hearing. Upon such notice the case shall be transferred to the regular docket of the county court. At the same time as such notice is given to transfer the case, any defendant or such defendant's attorney may demand trial by jury, and the Small Claims Court shall forward the demand to the county court.

Additionally, Neb. Rev. Stat. § 25-2807 (Cum. Supp. 2000) provides: "[A]ny party may appeal to the district court as provided in sections 25-2728 to 25-2738. Parties may be represented by attorneys on appeal."

We are presented with an issue of first impression regarding whether an attorney may file a notice of appeal and other documents necessary to perfect an appeal from the small claims court on behalf of his or her client. This issue is a matter of statutory interpretation. Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tilt-Up Concrete v. Star City/Federal, ante* p. 64, 621 N.W.2d 502 (2001). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Referral of Lower Platte South NRD, ante* p. 90, 621 N.W.2d 299 (2001).

Williams argues that § 25-2807 makes it clear that the Legislature intended for attorneys to represent parties on an appeal from the small claims court. Although § 25-2807 does not explicitly address the question of when an attorney may begin such representation, Williams claims that it can reasonably be inferred that representation begins immediately after a

judgment has been rendered in the small claims court. Williams asserts that if an attorney is permitted to aid a party on appeal, that attorney should also be permitted to aid the party in perfecting the appeal. Its rationale is that once the small claims court has rendered its decision, there is no reason to preclude a party from being represented by an attorney in order to appeal from the decision.

Williams further argues that it is inconsistent to permit an attorney to assist in the transfer of a claim to the regular docket of the county court, pursuant to § 25-2805, but not to permit an attorney to assist in perfecting an appeal to the district court. Such a rule, it claims, would violate due process. Williams also points out that the general public is not familiar with the requirements of perfecting an appeal and that without the aid of an attorney, an appeal might not be properly perfected.

Gibbons, on the other hand, urges us to adopt a stricter interpretation of the statutory language relating to attorney representation in small claims court. She argues that the Legislature has clearly expressed its intent that no attorney shall be involved in the small claims litigation process, except where a defendant has the case transferred to the county court as provided by § 25-2805. Gibbons argues that this interpretation is consistent with the public policy justification for the existence of small claims courts, which is to provide a forum in which small claims may be prosecuted without the delay, expense, or procedural difficulties incident to normal litigation. See *Simon v. Lieberman*, 193 Neb. 321, 226 N.W.2d 781 (1975).

Gibbons further argues that since the Legislature specifically carved out an exception allowing attorney representation in small claims court when a case is transferred to the regular docket of the county court, the Legislature could also have provided for attorney representation in the appeal process from the small claims court. Gibbons asserts that until an appeal is perfected, the case remains in the small claims court and that the appellate court does not have jurisdiction of a matter until the appeal has been perfected.

In *Simon*, the plaintiff argued that since a party could transfer the action from the small claims court to the county court, such party could elect to obtain legal representation and thus obtain a

right to appear by counsel. Inferentially, the argument was that such provisions were a sufficient guarantee of the right to appear by counsel to satisfy constitutional due process and that the failure to exercise that right in the small claims court constituted a waiver of the right. We concluded that on appeal, the party has a right to be represented by an attorney in the district court. We pointed out that other courts have recognized that the right to representation by counsel must be provided somewhere during the course of the proceedings in order to meet the requirements of constitutional due process. See, *Mendoza v. Small Claims Court*, 49 Cal. 2d 668, 321 P.2d 9 (1958); *Prudential Ins. Co. v. Small Claims Court*, 76 Cal. App. 2d 379, 173 P.2d 38 (1946); *Foster v. Walus*, 81 Idaho 452, 347 P.2d 120 (1959).

The question is whether an attorney may perfect an appeal from a judgment of the small claims court on behalf of his or her client or whether such right does not accrue until the appeal has been perfected and jurisdiction is lodged in the district court. We conclude that the district court erred in its determination that Williams was not entitled to have an attorney to represent it in perfecting its appeal to the district court. Once a judgment has been rendered by the small claims court, allowing an attorney to assist a client in filing an appeal to the district court does not interfere with the purpose of the small claims court.

In the small claims court, cases are handled on a very informal basis with a minimum of procedural requirements. See *Scottsbluff Typewriter Leasing v. Beverly Ent.*, 230 Neb. 699, 432 N.W.2d 844 (1988). However, perfecting an appeal is a different matter. To perfect an appeal from the small claims court to the district court, a party must within 30 days after the rendition of the judgment file with the clerk of the county court a notice of appeal and deposit with the clerk of the county court a docket fee in the amount of the filing fee in the district court. See Neb. Rev. Stat. § 25-2729(1) (Cum. Supp. 2000). The party appealing from the small claims court must also deposit with the clerk of the county court a cash bond or undertaking, with at least one good and sufficient surety approved by the court, in the amount of $50, conditioned that the appellant will satisfy any judgment and costs that may be adjudged against him or her. See § 25-2729(4). The party appealing is also required to serve a

copy of the notice of appeal upon all parties who have appeared in the action, and proof of service is required to be filed with the notice of appeal. § 25-2729(7). If the appellant fails to comply with any provision of § 25-2729(4) or (7), the district court on motion and notice may take such action, including dismissal of the appeal, as is just. § 25-2729(8). Therefore, it is a classic understatement to say that even lawyers at various times have had difficulty perfecting an appeal.

Based on the above, we hold that a party appealing a judgment entered in a small claims court may be assisted by an attorney in perfecting an appeal of the judgment from the small claims court to the district court. This assistance may include the filing of the notice of appeal, docket fee, and cash bond on behalf of such party, as well as any other documents necessary for the purpose of perfecting such an appeal.

### CONCLUSION

For the reasons set forth herein, we reverse the judgment of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., not participating.