DAVIS, Judge.
 

 *916
 
 This case presents the question of whether a North Carolina court must give full faith and credit to a judgment rendered in a foreign jurisdiction under procedural rules prohibiting the defendant from being represented by counsel at trial. Jerry A. Hailey ("Defendant") appeals from an order denying his motion for relief from a foreign judgment that Tropic Leisure Corp. and Magens
 
 [1]
 
 Point, Inc., d/b/a Magens Point Resort
 
 *131
 
 (collectively "Plaintiffs") sought to enforce against him in North Carolina. On appeal, Defendant argues that the foreign judgment should not be enforced because it was rendered in violation of his due process rights. After careful review, we vacate the trial court's order.
 

 Factual and Procedural Background
 

 On 2 April 2014, Plaintiffs, who are corporations organized under the laws of the United States Virgin Islands, obtained a default judgment (the "Judgment") in the small claims division of the Virgin Islands Superior Court against Defendant, who is a resident of North Carolina, in the amount of $5,764.00 plus interest and costs. Defendant did not appeal the default judgment. On 17 February 2015, Plaintiffs filed a Notice of Filing Foreign Judgment in Wake County District Court along with a copy of the Judgment and a supporting affidavit.
 

 Defendant filed a motion for relief from foreign judgment on 6 April 2015 in which he argued that the Judgment was not entitled to full faith and credit in North Carolina because it was obtained in violation of his constitutional rights and was against North Carolina public policy. Plaintiffs subsequently filed a motion to enforce the foreign judgment.
 

 The parties' motions were heard before the Honorable Debra Sasser on 30 July 2015. On 10 September 2015, the trial court entered an order denying Defendant's motion for relief and concluding that Plaintiffs were entitled to enforcement of the Judgment under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1, and North Carolina's Uniform Enforcement of Foreign Judgments Act ("UEFJA"), N.C. Gen. Stat. §§ 1C-1701
 
 et seq
 
 . Defendant filed a timely notice of appeal.
 

 *917
 

 Analysis
 

 On appeal, Defendant argues that the trial court erred in extending full faith and credit to the Judgment. This issue involves a question of law, which we review
 
 de novo
 
 .
 
 See
 

 DOCRX, Inc. v. EMI Servs. of N.C., LLC
 
 ,
 
 367 N.C. 371
 
 , 375,
 
 758 S.E.2d 390
 
 , 393,
 
 cert. denied
 
 , --- U.S. ----,
 
 135 S.Ct. 678
 
 ,
 
 190 L.Ed.2d 390
 
 (2014) (applying
 
 de novo
 
 review to whether Full Faith and Credit Clause required North Carolina to enforce foreign judgment).
 

 I. UEFJA
 

 The Full Faith and Credit Clause "requires that the judgment of the court of one state must be given the same effect in a sister state that it has in the state where it was rendered."
 
 [2]
 

 State of New York v. Paugh
 
 ,
 
 135 N.C.App. 434
 
 , 439,
 
 521 S.E.2d 475
 
 , 478 (1999) (citation omitted). "[B]ecause a foreign state's judgment is entitled to only the same validity and effect in a sister state as it had in the rendering state, the foreign judgment must satisfy the requisites of a valid judgment under the laws of the rendering state before it will be afforded full faith and credit."
 
 Bell Atl. Tricon Leasing Corp. v. Johnnie's Garbage Serv., Inc.
 
 ,
 
 113 N.C.App. 476
 
 , 478-79,
 
 439 S.E.2d 221
 
 , 223
 
 , disc. review denied
 
 ,
 
 336 N.C. 314
 
 ,
 
 445 S.E.2d 392
 
 (1994).
 

 The UEFJA "governs the enforcement of foreign judgments that are entitled to full faith and credit in North Carolina."
 
 Lumbermans Fin., LLC v. Poccia
 
 ,
 
 228 N.C.App. 67
 
 , 70,
 
 743 S.E.2d 677
 
 , 679 (2013) (citation and quotation marks omitted). In order to domesticate a foreign judgment under the UEFJA, a party must file a properly authenticated foreign judgment with the office of the clerk of superior court in any North Carolina county along with an affidavit attesting to the fact that the foreign judgment is both final and unsatisfied in whole or in part and setting forth the amount remaining to be paid on the judgment.
 
 See
 
 N.C. Gen. Stat. § 1C-1703(a) (2015).
 

 *132
 
 The introduction into evidence of these materials "establishes a presumption that the judgment is entitled to full faith and credit."
 
 Meyer v. Race City Classics, LLC
 
 ,
 
 235 N.C.App. 111
 
 , 114,
 
 761 S.E.2d 196
 
 , 200,
 
 *918
 

 disc. review denied
 
 ,
 
 367 N.C. 796
 
 ,
 
 766 S.E.2d 624
 
 (2014). The party seeking to defeat enforcement of the foreign judgment must "present evidence to rebut the presumption that the judgment is enforceable...."
 
 Rossi v. Spoloric
 
 , --- N.C.App. ----, ----,
 
 781 S.E.2d 648
 
 , 654 (2016). A properly filed foreign judgment "has the same effect and is subject to the same defenses as a judgment of this State and shall be enforced or satisfied in like manner[.]" N.C. Gen. Stat. § 1C-1703(c). Thus, a judgment debtor may file a motion for relief from the foreign judgment on any "ground for which relief from a judgment of this State would be allowed." N.C. Gen. Stat. § 1C-1705(a) (2015).
 

 Our Supreme Court has held that "the defenses preserved under North Carolina's UEFJA are limited by the Full Faith and Credit Clause to those defenses which are directed to the validity and enforcement of a foreign judgment."
 
 DOCRX
 
 , 367 N.C. at 382,
 
 758 S.E.2d at 397
 
 . In
 
 DOCRX
 
 , the Supreme Court provided the following examples of potential defenses to enforcement of a foreign judgment:
 

 that the judgment creditor committed extrinsic fraud, that the rendering state lacked personal or subject matter jurisdiction, that the judgment has been paid, that the parties have entered into an accord and satisfaction, that the judgment debtor's property is exempt from execution, that the judgment is subject to continued modification, or
 
 that the judgment debtor's due process rights have been violated
 
 .
 

 Id.
 

 (emphasis added).
 

 II. Virgin Islands Court System
 

 In the present case, Defendant argues that he was denied due process during the Virgin Islands proceeding because the rules governing small claims cases in that jurisdiction do not (1) permit parties to be represented by counsel; or (2) allow for trial by jury. An understanding of the structure of the Virgin Islands court system is necessary in order to evaluate Defendant's arguments.
 

 Congress has created the District Court of the Virgin Islands, which possesses jurisdiction equivalent to that of a United States district court.
 
 See
 

 48 U.S.C. § 1611
 
 ;
 
 Edwards v. HOVENSA, LLC
 
 ,
 
 497 F.3d 355
 
 , 358 (3rd Cir. 2007). In addition, the legislature of the Virgin Islands has established (1) the Supreme Court of the Virgin Islands, a court of last resort; and (2) the Superior Court of the Virgin Islands, a trial court of local jurisdiction. V.I. Code Ann. tit. 4, § 2.
 

 *919
 
 The Virgin Islands Superior Court contains a small claims division "in which the procedure shall be as informal and summary as is consistent with justice." V.I. Code Ann. tit. 4, § 111. The small claims division has jurisdiction over all civil actions where the amount in controversy does not exceed $10,000. V.I. Code Ann. tit. 4, § 112(a). In proceedings before the small claims court, "[n]either party may be represented by counsel and parties shall in all cases appear in person except for corporate parties, associations and partnerships which may appear by a personal representative." V.I. Code Ann. tit. 4, § 112(d). In addition, small claims cases are heard before a magistrate without a jury.
 
 See
 
 V.I. Super. Ct. R. 64.
 

 In the event that a party is unsatisfied with a judgment in the small claims division, it can appeal to the Appellate Division of the Superior Court.
 
 See
 

 H & H Avionics, Inc. v. V.I. Port Auth.
 
 ,
 
 52 V.I. 458
 
 , 462-63 (2009) ; V.I. Super. Ct. R. 322.1(a). However, "[n]o additional evidence shall be taken or considered" in the Appellate Division. V.I. Super. Ct. R. 322.3(a). If a party does not agree with the decision of the Appellate Division, it may then appeal to the Supreme Court of the Virgin Islands.
 
 See
 
 V.I. Code Ann. tit. 4, § 32 ; V.I. Super. Ct. R. 322.7(b);
 
 H & H Avionics
 
 ,
 
 52 V.I. at 462-63
 
 . Parties are permitted to be represented by counsel on appeal to the Virgin Islands Supreme Court.
 
 See
 
 V.I. Sup. Ct. R. 4(d).
 

 III. Due Process Right to Employ Counsel at Trial
 

 In the present case, Defendant does not dispute the fact that Plaintiffs complied with
 
 *133
 
 the UEFJA by filing a properly authenticated copy of the Judgment and an accompanying affidavit in a North Carolina court. Accordingly, Plaintiffs are entitled to a "presumption that the judgment is entitled to full faith and credit."
 
 Meyer
 
 ,
 
 235 N.C.App. at 114
 
 ,
 
 761 S.E.2d at 200
 
 . However, Defendant argues that the Judgment is not entitled to full faith and credit because he was deprived of his right to due process by the rules of the rendering jurisdiction's small claims court, which does not allow Defendant to be represented by counsel or provide the right to a trial by jury.
 

 The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no state may "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Congress has applied this rule of law to the Virgin Islands through enactment of the Revised Organic Act of the Virgin Islands.
 
 See
 

 48 U.S.C. § 1561
 
 ("No law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law....");
 
 see also
 

 United States v. Christian
 
 ,
 
 660 F.2d 892
 
 , 899 (3d Cir. 1981)
 

 *920
 
 (noting that
 
 48 U.S.C. § 1561
 
 "expresses the congressional intention to make the federal constitution applicable to the Virgin Islands to the fullest extent possible consistent with its status as a territory." (citation and quotation marks omitted)). Therefore, we apply "the same due process analysis that would be utilized under the federal constitution."
 
 Hendrickson v. Reg O Co
 
 .,
 
 657 F.2d 9
 
 , 13 n.2 (3d Cir. 1981).
 

 The question of whether a rendering jurisdiction's prohibition on a party being represented by counsel is a due process violation that can serve as a defense to the enforcement of a foreign judgment presents an issue of first impression in North Carolina. After carefully considering the arguments of the parties in this case and thoroughly reviewing the pertinent caselaw from other jurisdictions, we hold that the Judgment was issued in violation of Defendant's due process rights because he was not provided a meaningful opportunity to be heard.
 

 "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."
 
 Mathews v. Eldridge
 
 ,
 
 424 U.S. 319
 
 , 333,
 
 96 S.Ct. 893
 
 , 902,
 
 47 L.Ed.2d 18
 
 , 32 (1976) (citation and quotation marks omitted). The United States Supreme Court has explained that "[i]f in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense."
 
 Powell v. Alabama
 
 ,
 
 287 U.S. 45
 
 , 69,
 
 53 S.Ct. 55
 
 , 64,
 
 77 L.Ed. 158
 
 , 170-71 (1932).
 

 Litigants in most types of civil proceedings are not entitled to court-appointed counsel. However, it has been widely recognized that civil litigants have a due process right to be heard though counsel that they themselves provide. For example, in
 
 Goldberg v. Kelly
 
 ,
 
 397 U.S. 254
 
 ,
 
 90 S.Ct. 1011
 
 ,
 
 25 L.Ed.2d 287
 
 (1970), the United States Supreme Court explained that
 

 [t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. We do not say that counsel must be provided at the pre-termination [of public assistance payments] hearing, but only that the recipient must be allowed to retain an attorney if he so desires. Counsel can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of the recipient.
 

 Id.
 

 at 270-71
 
 ,
 
 90 S.Ct. at 1022
 
 ,
 
 25 L.Ed. 2d at 300
 
 (internal citation and quotation marks omitted).
 

 *921
 
 A number of state and federal courts have expressly recognized this principle over the past few decades.
 
 See, e.g.
 
 ,
 
 Danny B. ex rel. Elliott v. Raimondo
 
 ,
 
 784 F.3d 825
 
 , 831 (1st Cir. 2015) ("Civil litigants have a constitutional right, rooted in the Due Process Clause, to retain the services of counsel.");
 
 Anderson v. Sheppard
 
 ,
 
 856 F.2d 741
 
 , 747 (6th Cir. 1988) ("While case law in the area is scarce, the right of a civil litigant to be represented by retained counsel, if desired, is now clearly recognized.");
 

 *134
 

 Potashnick v. Port City Const. Co
 
 .,
 
 609 F.2d 1101
 
 , 1118 (5th Cir.) ("[A] civil litigant has a constitutional right to retain hired counsel.... [T]he litigant usually lacks the skill and knowledge to adequately prepare his case, and he requires the guiding hand of counsel at every step in the proceedings against him."),
 
 cert. denied
 
 ,
 
 449 U.S. 820
 
 ,
 
 101 S.Ct. 78
 
 ,
 
 66 L.Ed.2d 22
 
 (1980) ;
 
 R.G. v. Hall
 
 ,
 
 37 Mass.App.Ct. 410
 
 , 412,
 
 640 N.E.2d 492
 
 , 493 (1994) ("On due process grounds ... parties have a constitutional right to retain counsel in a civil case.");
 
 Aspen Props. Co. v. Preble
 
 ,
 
 780 P.2d 57
 
 , 58 (Colo. App. 1989) ("A civil litigant's right to due process of law includes the right to cross-examine witnesses and to have an opportunity for rebuttal. In order to exercise these rights fully, due process requires that civil litigants be allowed to secure assistance of counsel." (internal citation and quotation marks omitted)).
 

 Courts in several jurisdictions have specifically considered the constitutionality of procedures under which parties are not permitted to be represented by counsel at trial in small claims court. These cases make clear that while due process is satisfied when a party may appeal from a small claims court judgment and receive a trial
 
 de novo
 
 with the opportunity to be represented by counsel, a due process violation occurs where the laws of a jurisdiction prohibit a civil litigant from ever being represented by counsel at the fact-finding stages of the proceedings.
 

 In
 
 Frizzell v. Swafford
 
 ,
 
 104 Idaho 823
 
 ,
 
 663 P.2d 1125
 
 (1983), the Idaho Supreme Court considered whether the procedure governing Idaho's small claims court was consistent with due process. Under this procedure, litigants were not permitted to be represented by counsel in small claims court, but if a party was dissatisfied with a small claims court judgment, it had the right on appeal to a trial
 
 de novo
 
 in which it could employ counsel.
 

 Id.
 

 at 827
 
 ,
 
 663 P.2d at 1129
 
 . One of the issues presented in
 
 Frizzell
 
 was whether it constituted a deprivation of property without due process of law to permit the prevailing party in a small claims court proceeding to execute on its judgment before the other party had the opportunity to appeal and receive a trial
 
 de novo
 
 with counsel.
 

 Id.
 

 In analyzing this issue, the Idaho Supreme Court explained that "the constitutional infirmity created by the statutory prohibition of attorneys
 
 *922
 
 in small claims court was overcome by the fact that an opportunity for a trial
 
 de novo
 
 is always available to the litigants. Counsel can appear in the
 
 de novo
 
 proceeding, and this satisfies the due process requirement."
 

 Id.
 

 (citation and quotation marks omitted). The court further held that "a small claims court trial is constitutionally incomplete; it cannot stand on its own.
 
 Without the guaranty of a trial de novo, a proceeding in which the litigants are denied counsel is unconstitutional
 
 ."
 

 Id.
 

 (emphasis added).
 

 Similarly, in
 
 Simon v. Lieberman
 
 ,
 
 193 Neb. 321
 
 ,
 
 226 N.W.2d 781
 
 (1975), judgment was entered for the plaintiff in small claims court where, by statute, the parties were not permitted to appear with counsel. The defendant then appealed to the district court for a trial
 
 de novo
 
 as permitted by state law. However, the district court refused to allow the parties to be represented by counsel because the case had originated in the small claims court. The defendant proceeded
 
 pro
 
 se, and after losing his trial in district court he appealed on due process grounds.
 

 Id.
 

 at 322
 
 ,
 
 226 N.W.2d at 782
 
 . On appeal, the Nebraska Supreme Court held that he had been denied due process because "[i]n an appeal to the District Court from a judgment of the small claims court ... a party has the right to provide his own counsel and appear by such counsel in the District Court."
 

 Id.
 

 at 326
 
 ,
 
 226 N.W.2d at 784
 
 .
 

 Other jurisdictions have reached similar conclusions.
 
 See, e.g.,
 

 North Central Servs., Inc. v. Hafdahl
 
 ,
 
 191 Mont. 440
 
 , 443,
 
 625 P.2d 56
 
 , 58 (1981) (small claims court procedure not permitting representation by counsel or providing for trial
 
 de novo
 
 on appeal was "unconstitutional because it effectively denies counsel at all levels of factual determination");
 
 Windholz v. Willis
 
 ,
 
 1 Kan.App.2d 683
 
 , 683, 685,
 
 573 P.2d 1100
 
 , 1101-02 (1977) (holding that defendant's right to due process was violated where he was not permitted "to appear by or with counsel at any stage during which evidence was introduced...." but noting that "[t]he exclusion of counsel from the small claims proceeding is not fatal where a
 
 *135
 
 trial de novo with counsel is available");
 
 Brooks v. Small Claims Court
 
 ,
 
 8 Cal.3d 661
 
 , 665-66,
 
 105 Cal.Rptr. 785
 
 , 788,
 
 504 P.2d 1249
 
 , 1252 (1973) (reasoning that due process requirements were satisfied because if defendant "is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial de novo" in which he may appear through counsel).
 

 An alternative method for satisfying due process in this context was recognized in
 
 Johnson v. Capital Ford Garage
 
 ,
 
 250 Mont. 430
 
 ,
 
 820 P.2d 1275
 
 (1991). In that case, Montana's procedures neither allowed the defendant to be represented by counsel in his small claims court
 
 *923
 
 trial nor permitted a trial
 
 de novo
 
 from the small claims court judgment. However, pursuant to statute, he was given the opportunity before trial to remove his case from the small claims court docket to a trial court in which he could be represented by counsel.
 

 Id.
 

 at 434
 
 ,
 
 820 P.2d at 1277
 
 .
 

 The defendant argued that this statutory scheme violated his due process rights because it did not provide for a trial
 
 de
 
 novo-in which he could be represented by counsel-on appeal from the small claims court.
 

 Id.
 

 The Montana Supreme Court disagreed, holding that the statutory procedure was consistent with due process
 

 because it does not absolutely prohibit counsel at all stages in the litigation. Instead, it places the responsibility for preservation of that right on the defendant who must choose between the peace of mind that comes from representation by counsel, and the quick, affordable justice available in small claims court....
 

 Id.
 

 These cases demonstrate the constitutional invalidity of the statutory framework in the Virgin Islands for handling small claims cases. Litigants in such cases are prohibited from securing the representation of counsel in the small claims court and are not given the opportunity to either (1) opt out of the small claims court entirely by removing the case to a trial court that permits representation by counsel; or (2) appeal from a small claims court judgment for a trial
 
 de novo
 
 in a court that allows representation by counsel. Instead, the only appeal allowed from the small claims court is to the Appellate Division of the Superior Court where "[n]o additional evidence shall be taken or considered."
 
 See
 
 V.I. Super. Ct. R. 322.3(a).
 
 [3]
 

 Thus, there is no opportunity whatsoever for a small claims court litigant to be represented by counsel during any portion of the critical fact-finding phase of the litigation. The utility to such a litigant of having his attorney make purely legal arguments during the appellate phase of the proceeding is simply no substitute for the opportunity to have his chosen counsel develop a factual record at trial. Thus, we conclude that
 
 *924
 
 Defendant was denied "the opportunity to be heard at a meaningful time and in a meaningful manner."
 
 Mathews
 
 ,
 
 424 U.S. at 333
 
 ,
 
 96 S.Ct. at 902
 
 ,
 
 47 L.Ed.2d at 32
 
 (citation and quotation marks omitted).
 

 Accordingly, because the Judgment was obtained in a manner that denied Defendant his right to due process, it is not entitled to full faith and credit in North Carolina.
 
 [4]
 
 The trial court therefore erred in its 10 September 2015 order allowing enforcement of the Judgment.
 

 Conclusion
 

 For the reasons stated above, we vacate the trial court's 10 September 2015 order and remand to the trial court for any additional
 
 *136
 
 steps that may be necessary in order to effectuate our ruling.
 

 VACATED AND REMANDED.
 

 Judges ELMORE and DIETZ concur.
 

 [1]
 

 While this entity's name appears as "Magen Point, Inc." in the trial court's order, it is referred to elsewhere in the record as "Magens Point, Inc."
 

 [2]
 

 The Full Faith and Credit Clause applies to the Virgin Islands because it is a territory of the United States.
 
 See
 

 48 U.S.C. § 1541
 
 (designating the Virgin Islands as a territory);
 
 28 U.S.C. § 1738
 
 (applying Full Faith and Credit Clause to judgments filed "in every court within the United States and its Territories and Possessions");
 
 see also
 

 Bergen v. Bergen
 
 ,
 
 439 F.2d 1008
 
 , 1013 (3d Cir. 1971) (holding that the Full Faith and Credit Clause "is applicable to judgments of the Territory of the Virgin Islands").
 

 [3]
 

 We note that it is unclear whether parties may even appear through counsel in the Appellate Division of the Superior Court.
 
 See
 

 Wild Orchid Floral & Event Design v. Banco Popular de P.R.
 
 ,
 
 62 V.I. 240
 
 , 249 (V.I. Super. Ct. 2015) ("[I]t is not at all clear, despite [the plaintiff's] contention, that counsel[ ] should be allowed to appear on appeal to the Appellate Division from a case filed in the Small Claims Division and tried in the Magistrate Division[.]").
 

 [4]
 

 Because we hold that the Virgin Islands rule barring Defendant from being represented by counsel in small claims court violated his right to due process-thus rendering the Judgment unenforceable in North Carolina-we need not address Defendant's companion argument that the lack of a right to a trial by jury was likewise a due process violation.