STATE EX REL. SCHMIDT, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8,092.)

(Submitted May 3, 1940. Decided September 21, 1940.)

[105 Pac. (2d) 677.]

*Mr. E. J. Stromnes,* for Relator, submitted an original and a reply brief, and argued the cause orally.

*Messrs. Speer & Hoffman,* for Respondents, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding invokes the supervisory power of this court to annul an order of the respondent court quashing service of summons on Farwell, Ozmun, Kirk & Company, a Minnesota corporation, alleged to be engaged in business in Montana, in an action brought in respondent court by relator against L. A. Iverson and the company. Service of summons on the corporation was made upon L. A. Iverson. There was attempted service also under Chapter 10, Laws of 1937. The validity of that service need not be considered here. It is our view that the service was valid and complete under subdivision 2, section 9111, Revised Codes, and whether other methods of service should be upheld need not be considered.

Section 9111 provides that: "The summons must be served by delivering a copy thereof, as follows: * * * 2. If the

suit is against a foreign corporation, or a non-resident joint stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state, to such agent, cashier or secretary, or to a person designated as provided in section 6652 of the civil code.''

From the record it is made to appear that Farwell, Ozmun, Kirk & Company is engaged in the wholesale hardware business with its home office in St. Paul, Minnesota. When it first started doing business in Montana it qualified by appointing a statutory agent, who has since died, but none other was substituted in his place. It has never formally withdrawn its authority to do business in the state. Iverson was employed by the corporation at the time the action was instituted and for about four years prior thereto, selling its products in a part of the state of Montana. Other agents represented it in the same capacity in other parts of the state. He was paid a regular salary, and also expenses when on the road, including 5½ cents per mile for his automobile. He traveled on an average of 25,000 miles per year. In his particular territory he attended to all the business of the company, making sales, keeping the accounts of the customers, making collections and adjusting complaints for damaged goods under the directions of the company. These facts are sufficient to show that the company was engaged in business in Montana and that Iverson was its managing agent in this state, within the meaning of subdivision 2, section 9111, and that service of summons on him was good service upon the company. (*State ex rel. Taylor Laundry Co.* v. *District Court*, 102 Mont. 274, 57 Pac. (2d) 772, 113 A. L. R. 1. See, also, exhaustive note in 113 A. L. R. 88; *Cheli* v. *Cudahy Bros.*, 260 Mich. 496, 245 N. W. 503; *George A. Hormel & Co.* v. *Ackman*, 117 Fla. 419, 158 So. 171; *Atlantic Greyhound Lines* v. *Metz*, (4 Cir.) 70 Fed. (2d) 166; *Harbich* v. *Hamilton-Brown Shoe Co.*, (D. C.) 1 Fed. Supp. 63.)

The service on Iverson was made on October 30, 1939. In his affidavit in support of the motion to quash the service he states that ''on or about the 30th day of October, 1939, Farwell, Ozmun, Kirk & Company, a corporation, in writing

notified affiant to discontinue each and all services to said Company, and that affiant is not now and has not been since the receipt of said notice, in the service of said Company in any respect whatever.'' This does not show that he received the notice or was discharged from the service of the company prior to the service of summons upon him.

Other matters were set forth in the affidavit of Iverson, ▆▆ which go to the merits of the case against the company, i. e., as to whether at the time of the accident giving rise to the alleged cause of action, Iverson, whose negligence is relied upon, was acting within the scope of his employment with the company. That question, as well as others, which tend to show a defense to the action on its merits, have nothing to do with the validity of the service of process, under section 9111, supra.

The court erred in quashing service of the summons. The writ applied for will issue annulling the order complained of.

Mr. Chief Justice Johnson and Associate Justices Morris, Erickson and Arnold concur.