No. 99-180

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 262

296 Mont. 395

989 P.2d 385

MARK A. PETERSEN,

Plaintiff and Appellant,

v.

ALADDIN STEEL PRODUCTS, INC.,

Defendant and Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Amy N. Guth, Attorney at Law, Libby, Montana

For Respondent:

D. James McCubbin; Henning & Keedy, Kalispell, Montana

Submitted on Briefs: August 12, 1999

Decided: October 28, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Appellant Mark A. Petersen (Petersen) appeals from the judgment of the Nineteenth Judicial District Court, Lincoln County, denying Petersen's motion to dismiss Aladdin Steel Products, Inc.'s (Aladdin's) appeal from the Small Claims Division of the Justice Court of Lincoln County (Small Claims Court) on the basis that Aladdin had properly perfected the appeal by filing a notice of appeal and reversing the Small Claims Court's judgment in favor of Petersen for lack of jurisdiction over the case because Aladdin could not be served in Lincoln County.**

¶ **We affirm.**

### Issues

¶ **1. Did the District Court err in holding that Aladdin had properly perfected its appeal by filing a notice of appeal?**

¶ **2. Did the District Court err in holding that the Small Claims Court lacked jurisdiction because Aladdin could not be served in Lincoln County pursuant to § 25-35-502(1), MCA?**

### Standard of Review

¶ **We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. McCormick v. Brevig, 1999 MT 86, ¶ 73, 980 P.2d 603, ¶ 73, 56 St.Rep. 355, ¶ 73 (citations omitted).**

### Factual and Procedural Background

¶ **Petersen filed a complaint against Aladdin seeking damages for breach of warranty in Small Claims Court in November 1998. He alleged that Aladdin refused to repair or replace Petersen's defective Aladdin wood stove, which was still under warranty.**

¶ **The Small Claims Court issued a Summons and Petersen served Aladdin at its corporate offices in Stevens County in Colville, Washington. Aladdin is a Washington Corporation and maintains no corporate office or registered agent in Montana.**

¶ **Aladdin moved to dismiss Petersen's Complaint, alleging the Small Claims Court lacked jurisdiction because Aladdin could not be served in Lincoln County, Montana pursuant to § 25-35-502(1), MCA, which governs small claims court jurisdiction. Petersen contends that the Small Claims Court had jurisdiction over the case because he could have served either Gary Huntsberger (Huntsberger) or Mike Lopez (Lopez) in Lincoln County. Huntsberger is the owner of Schrader Stoves and Aladdin's warranty agent in Libby, Montana, and Lopez is Aladdin's sales representative for the territory including Libby. The court did not rule on Aladdin's motion, and the case proceeded to trial before Justice of the Peace Lela Holder on December 14, 1998. Aladdin made a special appearance at the trial through Lopez in order to avoid defaulting, but continued to challenge the Small Claims Court's jurisdiction. On the same day, the Small Claims Court issued judgment against Aladdin in the total amount of $1,249.**

¶ **Aladdin filed its Notice of Appeal in the Small Claims Court on December 16, 1998. The notice was accompanied by a letter requesting that the Small Claims Court forward the record to the District Court. On January 21, 1999, Aladdin paid a $10 fee to the Small Claims Court Clerk and**

the record was transmitted to the District Court that same day. Petersen moved the District Court to dismiss Aladdin's appeal because the record had not been timely submitted to the District Court due to Aladdin's failure to perfect its appeal.

¶ The District Court ordered briefing on four issues:

> 1. Is an Appellant required by law to file an undertaking when appealing a Small Claims Court Judgment?

> 2. Is an Appellant from a Small Claims Court Judgment obligated to pay a filing or transmittal fee under § 25-1-201(1)(k), MCA, before the appeal is "perfected?"

> 3. If an Appellant has complied with the law for perfecting an appeal in Small Claims Court, and the file was not transmitted to the District Court within 30 days due to a clerical error, is the Appellant nevertheless barred from prosecuting the appeal for failure to properly perfect the appeal?

> 4. Did the Small Claims Court have jurisdiction over the Defendant?

¶ The parties briefed the issues and the District Court issued its Findings of Fact, Conclusions of Law, and Order Denying Plaintiff's Motion to Dismiss Appeal as well its Order Reversing Small Claims Court Judgment on February 17, 1999. The District Court held that Aladdin did not need to file an undertaking to appeal from small claims court, that Aladdin's failure to pay a "transfer fee" was not fatal to its appeal, and that Aladdin should not be punished for the Small Claims Court Clerk's failure to transmit the record within the statutory time period. The District Court also reversed the Small Claims Court Judgment, concluding that the Small Claims Court lacked jurisdiction under § 25-35-502(1), MCA, because Aladdin could not be served in Lincoln County, where the action was commenced. Petersen appeals the District Court's Findings of Fact, Conclusions of Law, and Order Denying Plaintiff's Motion to Dismiss Appeal and the District Court's Order Reversing Small Claims Court Judgment.

## Discussion

¶ 1. Did the District Court err in holding that Aladdin had properly perfected its appeal by filing a notice of appeal?

¶ We agree with the District Court that there is no statutory requirement to file an undertaking on appeal from small claims court. Petersen erroneously relies on the statutory requirement of filing an undertaking when appealing from justice and city courts. Section 25-33-201, MCA. The statutory provisions governing small claims procedure in Montana contain no similar requirement

of filing an undertaking on appeal from small claims court. Petersen cites § 25-35-807, MCA, which states that "[p]roceedings to enforce or collect a judgment are governed by the laws relating to execution upon justice's court judgments," in support of his argument that filing an undertaking is required on appeal from small claims court. That section is not applicable here. Section 25-35-807, MCA, concerns proceedings to enforce or collect a judgment and is not relevant to perfecting an appeal from small claims court. Accordingly, Aladdin's appeal was not deficient for failing to file an undertaking.

¶ There is no statutory provision in Montana making payment of a transfer fee a prerequisite to perfecting an appeal from small claims court to district court. Section 25-1-201, MCA, is a comprehensive statute setting forth various fees to be collected by district court clerks. While the transfer fee set forth in § 25-1-201(k), MCA, is applicable to appeals from small claims court, there is no indication that the $10 transfer fee is a prerequisite to perfecting an appeal from small claims court. The duty of the district court clerk to collect a $10 transfer fee under § 25-1-201(k), MCA, is unrelated to the duty of the appealing party to perfect an appeal from small claims court under § 25-35-804(1), MCA.

¶ An appeal from small claims court to district court is properly perfected upon filing a notice of appeal. Section 25-35-804(2), MCA. Neither an undertaking nor a transfer fee are required to perfect such an appeal. Upon Aladdin's filing of notice of appeal, it became the duty of the Clerk of the Small Claims Court to transmit the record to the District Court. Section 25-35-804(2), MCA. Aladdin's duty to perfect the appeal did not impose on it the burden of physically transferring the record from the Small Claims Court to District Court. *See* State v. Dubray (1982), 201 Mont. 327, 330, 654 P.2d 970, 972 (holding that defendant's duty to perfect the appeal in a criminal case did not impose on him burden of physically transferring the record from the justice court to district court).

¶ Aladdin did everything legally required to perfect its appeal by filing its Notice of Appeal and requesting that the Small Claims Court transmit the record to the District Court. It thereupon became the duty of the Small Claims Court Clerk to transmit the file to the District Court. The failure of the Small Claims Court to transmit the record to the District Court within thirty days did not bar Aladdin's appeal.

¶ We hold that Aladdin's appeal was properly perfected. No undertaking is required on appeal from small claims court to district court. Although a $10 transfer fee is applicable to appeals from small claims court, it is the duty of the district court clerk, not the small claims court clerk, to collect the fee. Upon Aladdin's filing of its Notice of Appeal and requesting that the record be transferred, it became the duty of the Small Claims Court Clerk to transmit the file to the District Court. Affirmed.

¶ 2. Did the District Court err in holding that the Small Claims Court lacked jurisdiction because Aladdin could not be served in Lincoln County pursuant to § 25-35-502(1), MCA?

¶ Under § 25-35-502(1), MCA, "the small claims court has jurisdiction over all actions for the recovery of money or specific personal property when the amount claimed does not exceed $3,000, exclusive of costs, and the defendant can be served within the county where the action is commenced." The District Court found that the Small Claims Court lacked jurisdiction over Aladdin, because Aladdin could not be served within Lincoln County. Petersen served Aladdin in Washington, but argues that the Small Claims Court properly exercised jurisdiction because Petersen could have served Lopez or Huntsberger in Lincoln County.

¶ Section 25-35-604(1), MCA, governing small claims procedure, states that service of process shall be made "in the same manner provided by law for service of process in civil actions in justice's court." Rule 4D(2)(b)(iv)(A) of the Montana Justice and City Court Rules of Civil Procedure states in relevant part that service upon a corporation may be achieved by delivering a copy of the summons and complaint to a managing or general agent of the corporation. Petersen's assertion that an associate of the corporation may also be served is erroneous. In the context of Rule 4D(2)(b)(iv)(A) and the essentially identical Rule 4D(2)(e)(I) of the Montana Rules of Civil Procedure, "associate" refers to unincorporated associations, not corporations. Furthermore, § 25-35-505(3), MCA, providing in part that "[a] corporation may be represented by one of its . . . employees," pertains to representation in small claims court and has no bearing on service of process upon a corporation.

¶ The only Montana case regarding service of process on a managing agent of a corporation was decided prior to the adoption of the Montana Rules of Civil Procedure, but is nonetheless instructive on the question of who qualifies as a managing agent for the purpose of service of process upon a corporation. *See* State *ex rel*. Schmidt v. District Court of Eighth Judicial Dist. (1940), 111 Mont. 16, 105 P.2d 677. In *Schmidt*, this Court held that an employee was a managing agent of a company under the then-existing statute governing summons because "[h]e was paid a regular salary, and also expenses when on the road, including 5 ½ cents per mile for his automobile. He traveled on an average of 25,000 miles per year. In his particular territory he attended to all the business of the company, making sales, keeping the accounts of the customers, making collections and adjusting complaints for damaged goods under the directions of the company." *Schmidt*, 111 Mont. at 18, 105 P.2d at 678. Huntsberger is the owner of a store that sells Aladdin products and he is Aladdin's warranty agent in Libby. His position within the Aladdin Corporation is that of a special agent responsible only for providing warranty service in the Libby area. Although the record regarding Huntsberger's position is sparse, he cannot be considered Aladdin's managing or general agent.

¶ With regard to Lopez, there is insufficient information in the record to determine whether he was a managing or general agent for purposes of service of process on Aladdin. Moreover, with regard to Petersen's argument that he could have served Lopez in Lincoln County, a careful review of the record shows that although Lopez is Aladdin's sales

representative for the territory including Libby, Montana, there is no evidence that Lopez was

ever in Lincoln County around the time Petersen filed his Complaint in Small Claims Court. Lopez was allegedly scheduled to inspect Petersen's wood stove twice, but did not keep the appointments. Since Lopez resides in Idaho and there is no evidence in the record that he was present in Lincoln County at any time, particularly during the relevant time period, we hold that there is no basis for finding jurisdiction on the assumption that Lopez could have been served in Lincoln County pursuant to § 25-35-502(1), MCA. The fact that he made a special appearance for Aladdin at the trial in Small Claims Court has no bearing on his ability to receive service of process on Aladdin's behalf.

¶ We hold that the Small Claims Court lacked jurisdiction over Aladdin because Aladdin could not be served within Lincoln County pursuant to § 25-35-502(1), MCA. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ JIM REGNIER