FILED

November 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0445

DA 15-0445

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 315

TODD A. KISER,

Plaintiff and Appellee,

v.

NOEL D. KISER and MARIE A. MCDOWELL,

Defendants and Appellants.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 15-517(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Evan F. Danno, Danno Law Firm, P.C.; Kalispell, Montana

For Appellees:

Todd A. Kiser, self-represented; Kila, Montana

Submitted on Briefs:  October 21, 2015
Decided:  November 10, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Noel D. Kiser and Marie A. McDowell (Noel and Marie) appeal from the Eleventh Judicial District Court's dismissal of their appeal from the judgment entered against them and in favor of Todd A. Kiser (Todd) in Flathead County Small Claims Court. The District Court dismissed their appeal for failure to file their opening brief on time. We reverse and remand for further proceedings, and address the following issue:

¶2     *Did the District Court err by dismissing the appeal from Small Claims Court?*

**PROCEDURAL AND FACTUAL BACKGROUND**

¶3     Todd initiated this action by filing a form complaint against Noel and Marie in the Small Claims Division of Flathead County Justice Court on April 17, 2015. The form was entitled "COMPLAINT AND ORDER IN THE SMALL CLAIMS DIVISION, FLATHEAD COUNTY, MONTANA JUSTICE COURT." Todd alleged that Noel and Marie owed him $3,445.85 arising out of an asserted agreement among them regarding their father's nursing care and cremation costs. The order portion of the form, issued over the name of Justice of the Peace Mark R. Sullivan by the Clerk of the Small Claims Division, set a hearing for the complaint on May 22, 2015, and advised Noel and Marie that they must bring "all books, papers, and witnesses needed to establish any defense to said claim." The Order further advised them that "within 10 days of service upon you of this Complaint and Order, you may remove this action from the small claims court to Justice Court, and that failure to remove shall constiture [sic] a waiver of your rights to trial by jury and to representation by counsel." They were served with the complaint and summons on April 20, 2015.

2

¶4 Noel and Marie did not remove the matter from Small Claims Court to Justice Court, and all three of the named parties personally appeared at the hearing as scheduled on May 22, 2015. On June 10, 2015, Justice Sullivan entered Findings of Fact, Conclusions of Law, and Judgment in favor of Todd and against Noel and Marie. On June 17, 2015, Noel and Marie, then represented by counsel, filed a notice of appeal of the judgment to the Flathead County District Court.

¶5 On June 25, 2015, the Clerk of the District Court mailed a form letter to Todd and counsel for Noel and Marie, which stated:

> Pursuant to Rule 10(c) of the Uniform Municipal Court Rules of Appeal to the District Court this office is hereby notifying the parties of having received the above-entitled action on appeal from the limited jurisdiction court of record on June 23, 2015. The Honorable Ted O. Lympus has jurisdiction.
>
> An appeal from a justice court of record to the district court is limited to a review of the record and questions of law. § 3-10-115(1), MCA, and pursuant to § 3-10-115(4), MCA, the rules governing the appeal are as established in the Montana Uniform Municipal Court Rules of Appeal to District Court, codified in Title 25, Chapter 30. A copy of Rules 12, 13 and 14 [setting out the deadlines for this type of appeal] are included with this notification.
>
> No separate briefing schedule will be issued by the court. Please refer to the deadlines set forth in Rule 14 (attached). . . .

¶6 Although indicating that "the above-entitled action" had been received, this letter did not state the record had been transferred to the District Court, and no other notice was given by the Small Claims Court. Noel and Marie filed their brief in District Court on July 16, 2015. On July 22, 2015, the District Court dismissed the appeal, reasoning that the brief had been untimely filed because, pursuant to the 15-day deadline under Rule 14

3

of the Montana Uniform Municipal Court Rules of Appeal to District Court (hereinafter "Municipal Court Appellate Rules"), codified at Title 25, chapter 30, MCA, the brief was due on or before July 13, 2015. Rule 14 of the Municipal Court Appellate Rules provides that the appellant shall file a brief in the district court "within 15 days after the date on which the record is filed." Noel and Marie appeal.

## STANDARD OF REVIEW

¶7 We review a district court's conclusions of law for correctness. *Petersen v. Aladdin Steel Prods., Inc.*, 1999 MT 262, ¶ 5, 296 Mont. 394, 989 P.2d 385 (reviewing district court's denial of a motion to dismiss an appeal from a small claims court).

## DISCUSSION

¶8 *Did the District Court err by dismissing the appeal from Small Claims Court?*

¶9 Noel and Marie argue that the District Court erred by dismissing their appeal based upon Rule 14 of the Municipal Court Appellate Rules, which they argue are inapplicable to appeals from small claims courts. Todd responds that the Municipal Court Appellate Rules apply by virtue of § 3-10-115(4), MCA, which provides that "[u]nless the supreme court establishes rules for appeal from a justice's court of record to the district court, the Montana Uniform Municipal Court Rules of Appeal to District Court, codified in Title 25, chapter 30, apply to appeals to district court from justice's court of record."

¶10 Small claims court is a forum whose purpose is to "provide a speedy remedy for small claims and to promote a forum in which such claims may be heard and disposed of without the necessity of a formal trial." Section 3-10-1001, MCA; § 25-35-501, MCA.

4

Generally, small claims courts have jurisdiction "over all actions for the recovery of money or specific personal property when the amount claimed does not exceed $7,000 . . . and the defendant can be served within the county where the action is commenced." Section 3-10-1004, MCA; § 25-35-502, MCA.

¶11 Small claims courts are creatures of statute and the Legislature has provided for their establishment in two ways. First, § 3-10-1002, MCA, establishes a small claims court as a division of each justice's court in the state of Montana. Secondly, § 3-12-102, MCA, provides that a small claims court "may be created within the jurisdiction of the district court of any county of the state of Montana . . . ." A small claims court that is part of a district court must be created by resolution of the board of county commissioners, or by a county-wide initiative. *See* § 3-12-103(1), MCA.

¶12 Small claims courts are distinct from justices' courts under legislation enacted by the Legislature in response to our decision in *North Central Servs., Inc. v. Hafdahl*, 191 Mont. 440, 443-45, 625 P.2d 56, 58-59 (1981) (overruled on other grounds), which determined that the prohibitions on legal counsel and jury trials within small claims proceedings were violations of due process. The new statutory scheme granted a defendant the options of either proceeding in small claims court while waiving these rights or removing a case from small claims court to the justice's court. "Failure to request removal within the time provided . . . constitutes a waiver by the defendant of the right to a trial by jury and representation by an attorney . . . ." Section 25-35-605(3), MCA. We upheld this scheme against a due process challenge in *Johnson v. Capital Ford Garage*, 250 Mont. 430, 435, 820 P.2d 1275, 1277 (1991), explaining that the new

5

statute "places the responsibility for preservation of that right on the defendant who must choose between the peace of mind that comes from representation by counsel, and the quick, affordable justice available in small claims court."

¶13     Sections 3-10-1001 through -1005, MCA, govern small claims courts generally, while §§ 25-35-501 through -807, MCA, specifically govern small claims courts that are divisions of justices' courts.[1]   Sections 3-12-101 through -203, MCA, govern small claims courts established as parts of district courts, but the small claims procedures provided in §§ 25-35-501 through -807, MCA, are likewise made applicable to these courts.  Section 3-12-107, MCA.  The small claims court at issue in this case is a division of the Flathead County Justice Court.

¶14     Here, Defendants Noel and Marie did not remove the case from Small Claims Court to Justice's Court, and the case accordingly proceeded through the entry of judgment in the Small Claims Court, from which they took an appeal to the District Court.  Had the case been removed to, and proceeded in, the Justice Court, then the appeal to District Court would indeed have been governed by the Municipal Court Appellate Rules codified in Title 25, Chapter 30, as provided by § 3-10-115(4), MCA, for justices' courts of record.  However, because the case was not removed, it proceeded before and was appealed from the Small Claims Court.  That appeal is governed by the provisions of §§ 25-35-801 through -807, MCA.  The letter to the parties from the Clerk

---

[1] Noel and Marie note that this Court applied these provisions to an appeal from a small claims court division of justice court to the district court in *Petersen v. Aladdin Steel Prods.*, 1999 MT 262, 264 Mont. 394, 989 P.2d 385.

6

of the District Court and the District Court's order of dismissal erroneously cited to the Municipal Court Appellate Rules.

¶15 Section 25-35-803(1), MCA, provides that an appeal from small claims court must be commenced by giving written notice of appeal to the small claims court and serving a copy upon the adverse party "within 10 days after entry of judgment." Noel and Marie completed this on June 18, 2015, eight days after entry of judgment. Section 25-35-804(1), MCA, requires the record of the small claims court proceedings to be transferred to district court within 30 days of that notice, at which time the justice of the peace is to "notify the parties in writing" that the record has been transferred. Although it does not appear that the justice of the peace gave this notice to the parties, no one disputes that the record was transferred. Importantly, these statutory provisions provide no deadline for the filing of the appellant's brief in the district court. Any deadlines would need to be set by adoption of a local rule or by order of the district court. In any event, the District Court erred by dismissing the appeal on the basis of the briefing deadline imposed in the inapplicable Municipal Court Appellate Rules.

¶16 Reversed and remanded to the District Court for reinstatement of Noel and Marie's appeal and for further proceedings.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

7